GILBERT *et al.* v. NEW ZEALAND INS. CO.

(*Circuit Court, D. Oregon.* March 21, 1892.)

1. INHABITANT.
   That the term "inhabitant," as used in the first section of the judiciary act, includes a foreign corporation, engaged in business in the district in which it is sued, according to the laws thereof.

2. FOREIGN CORPORATION.
   A foreign corporation, engaged in business in any state in this Union, who, in pursuance of the laws thereof, appoints an attorney, with power to receive service of process in any suit against it, thereby consents in advance to be sued thereon.

At Law.

*Mr. Lewis L. McArthur* and *Mr. Tilmon Ford*, for plaintiffs.
*Mr. Joseph Simon*, for defendant.

DEADY, District Judge. This action is brought by the plaintiffs, citizens of Oregon, against the defendants, a corporation organized under the laws of New Zealand, and alleged to be an "inhabitant" of the state of Oregon, to recover an alleged loss by fire of $3,500, against which it had insured the plaintiffs.

The first complaint merely stated that the defendant was a New Zealand corporation, and plaintiffs were citizens of Oregon; and on this it was contended that the parties were "citizens of different states," within the meaning of those words in section 1 of the judiciary act, (Supp. Rev. St. p. 612,) and therefore the court had jurisdiction.

On demurrer to the complaint, the court held these words did not include an alien subject or corporation, but were confined to citizens of the "states" of this Union.

The plaintiffs had leave to amend, and now allege that the defendant in 1888 engaged in the fire insurance business in Oregon, and, pursuant to the laws thereof concerning foreign insurance companies, depos-

ited with the treasurer thereof the sum of $50,000, and filed with the insurance commissioner its power of attorney, whereby it duly authorized a proper person to accept service of process in any proceeding in any court of the United States therein, and thereupon received a license from said state to engage in such business, and established and has ever since maintained a place of business therein, and is now an inhabitant thereof, doing business therein as a fire insurance company, according to the laws of Oregon.

A demurrer was interposed to the amended complaint on the ground that the defendant, being a foreign corporation, is not an "inhabitant" of this state, and cannot be sued therein without its consent.

On the argument counsel for the demurrer cited *Hohorst* v. *Packet Co.*, 38 Fed. Rep. 273; *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1; *Purcell* v. *Mortgage Co.*, 42 Fed. Rep. 465; while counsel for the plaintiffs cited *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 449; *Riddle* v. *Railroad Co.*, 39 Fed. Rep. 290; *Miller* v. *Mining Co.*, 45 Fed. Rep. 347.

The last case was decided in this court, in which I held, in the language of the syllabus:

"A foreign corporation may be an 'inhabitant' of a district or county other than that of which it is a citizen or subject, or where it was organized, within the meaning and purpose of the term, as used in section 1 of the judiciary act."

At that time I had before me and considered the first three of the above-cited cases, which hold otherwise, but was not persuaded by them.

Since then I have not seen nor heard anything to change my opinion, but much to strengthen and confirm it, in an opinion delivered by Mr. Justice HARLAN in the case of *U. S.* v. *Railway Co.*, 49 Fed. Rep. 297.

The case arose in the northern district of California, and was heard under section 617 of the Revised Statutes. In the course of his opinion Mr. Justice HARLAN said that no "case in the supreme court of the United States directly decides that a corporation may not, in addition to its primary legal habitation or home in the state of its creation, acquire a habitation in or become an inhabitant of another state for purpose of business and of jurisdiction *in personam;*" and holds that the defendant—a corporation created under the laws of Kentucky, but doing business in California pursuant to the laws thereof—is, for the time being, an "inhabitant" of said state, within the meaning and purpose of the clause of section 1 of the judiciary act, which provides that "no civil suit shall be brought before either of said courts [circuit] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

In *Bank* v. *Deveaux*, 5 Cranch, 88, it is stated by Mr. Chief Justice MARSHALL that the word "inhabitant," in the statute of Hen. VIII., concerning bridges and highways, which provides that the same shall be made and repaired by the "inhabitants of the city, shire, or riding," was held to include a corporation that had lands within said city, shire, or riding, although it might reside elsewhere.

The defendant is an inhabitant of this district within the meaning of the statute.

But this action will lie in this court, on the ground of the consent of the defendant.

Section 1 of the judiciary act gives this court jurisdiction of such actions as this, generally, in which there is a controversy between citizens of a state and foreign citizens or subjects; and the clause concerning inhabitancy only restricts the right of the plaintiff to sue the defendant in the district of which the latter is an inhabitant.

But the defendant may waive this privilege, and consent to be sued in a district of which he is not an inhabitant. *Ex parte Schollenberger*, 96 U. S. 377; *Railway* v. *McBride*, 141 U. S. 130, 11 Sup. Ct. Rep. 982.

A foreign corporation, such as this defendant is, before doing business in this state, is required by the laws thereof to execute a power of attorney, and file a copy of the same with the insurance commission, and cause it to be recorded in the clerk's office of each county where it has a resident agent; appoint some citizen of the state its attorney thereby, empowering him to accept service of all writs and process necessary to give complete jurisdiction of such corporation to any of the courts of this state or of the United States courts therein; and shall constitute such attorney the authorized agent of such corporation, upon whom lawful and valid service may be made of all writs and process in any action, suit, or proceeding commenced by or against such corporation in any of the courts mentioned in this section, and necessary to give such court complete jurisdiction thereof. Hill's Code 1887, §§ 3276, 3277, 3573.

And now it appears by the return of the marshal on the summons in this case that he served the same on the duly-authorized attorney of the defendant, as appears by the power of attorney recorded in this county.

This is all that is necessary to give this court complete jurisdiction of the defendant in this action; and to this it consented in advance, when it executed, filed, and recorded this power of attorney. In effect it said to every one with whom it did business: "Although I am an alien, and not liable to be sued in this district without my consent, I hereby consent to be served with process therein, so as to give any court in which I may be sued complete jurisdiction of the action."

The case falls within the ruling in *Railway Co.* v. *Harris*, 12 Wall. 81, in which Mr. Justice SWAYNE, speaking of a corporation, said:

"It cannot migrate, but it may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. One of these conditions may be that it shall consent to be sued there."

Of course, I must not be understood to say that a corporation can, by its consent, give this court jurisdiction of a controversy which congress has not, as where the matter in dispute does not exceed the value of $2,000.

The demurrer is overruled on two grounds: (1) The defendant, under the circumstances, is an inhabitant of the district; and (2) if this be otherwise, it has consented to be sued herein.