SOUTHERN PAVING CONST. CO. et al. v. CITY OF KNOXVILLE, TENN.

(Circuit Court of Appeals, Sixth Circuit. October 2, 1917.)

No. 2968.

1. INSURANCE ⬳618—FOREIGN INSURANCE COMPANY—ACTION AGAINST—VENUE.

Under Shannon's Code Tenn. 1917, § 3292, subsec. 3, providing that a foreign insurance company, as a prerequisite to doing business in the state, shall file with the state insurance commissioner an instrument appointing him its attorney, on whom all lawful process in any action against it may be served, that the authority shall continue as long as any liability against the company remains outstanding in the state, and that any process issued by any court of record in the state, and served on the commissioner by the proper officer of the county in which the commissioner has his office, shall be deemed a sufficient process on the company, the company, after it has ceased to do business in the state, may, by process served on the commissioner, be sued in a county other than that in which the commissioner has his office.

2. INSURANCE ⬳618—FOREIGN COMPANY—PROCESS—COUNTERPART SUMMONS—VENUE.

Under Shannon's Code Tenn. 1917, § 6115, providing that suit in chancery court may be instituted wherever the defendant, or any material defendant, is found, unless otherwise prescribed by law, and section 6116, providing that counterpart summons may be issued to any other county for defendants not to be found in the county in which the suit is properly brought, neither of the defendants need be found in the county in which the suit is brought, if it is authorized by statute against one of the defendants in that county; so action in any county against a foreign insurance company, with service of process on the state insurance commissioner as its attorney, being authorized by section 3292, subsec. 3, suit on bond of a contractor to repair street in K. county, with a foreign insurance company as surety, may be brought in that county, and the contractor served with counterpart summons in another county, after the insurance company has ceased to do business in the state.

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Suit by the City of Knoxville, Tenn., against the Southern Paving Construction Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 220 Fed. 236.

W. L. Frierson, of Chattanooga, Tenn. (Lewis M. Coleman, of Chattanooga, Tenn., of counsel), for plaintiffs in error.

W. T. Kennerly, Wm. Baxter Lee, and J. Pike Powers, Jr., City Atty., all of Knoxville, Tenn., for defendant in error.

Before WARRINGTON, MACK, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. The city of Knoxville commenced suit in the chancery court of Knox county, Tenn., December 30, 1913, against the Southern Paving Construction Company, a West Virginia corporation having its principal office in Chattanooga, and the Ætna Indemnity Company, of Hartford, Conn., as surety of the paving company, to recover upon a guaranty which the latter had given to the city

to keep one of its paving districts in repair for a certain number of years. February 3, 1914, on petition of both defendant companies, the cause was removed to and docketed on the equity side of the court below. Prior to removal, on February 2, 1914, the paving company filed in the chancery court a plea in abatement, and after the removal, on March 28, 1914, the Ætna Company filed a similar plea in the court below. These pleas presented issues as to the right to commence or maintain the suit in Knox county, and so involved a question of jurisdiction in the court below. A number of steps were taken by the parties respectively in bringing this question to decision, and in the course of the proceedings the learned trial judge filed several carefully prepared opinions. It is enough to say of the proceedings that the cause was transferred from the equity to the law side of the court; that on January 13, 1915, the parties filed a written stipulation setting out the facts involved in the issues presented under the pleas in abatement, waiving a jury and agreeing to submission to the court; the pleas were overruled, on the ground that they were not sustained by the facts. The city thereupon changed its pleading into the form of a declaration, and to this the paving company demurred. The Ætna Company did not join in this demurrer, or appear again in the case until the petition in error herein was filed; judgment by default was entered against it on April 14th, subject to ascertainment of damages later; and on the 19th of that month, in accordance with an opinion of the trial judge, the demurrer of the paving company was overruled. Thereupon that company presented ten pleas to the declaration, to which the city filed replication in the following July. The cause was tried to the court and a jury in January, 1916, and a verdict rendered upon the issues joined in favor of the city and against both defendants, but assessing the damages against the paving company in the sum of $5,507.35 and against the Ætna Company as surety for $5,027.80, thus holding the paving company for $479.55 in excess of the sum assessed against its surety. Motion by the paving company for new trial was overruled in accordance with an opinion of the trial judge, and judgments against both defendants jointly for $5,027.80, and against the paving company for the further sum of $479.55, with interest, were entered upon the verdict. Both defendant companies prosecute error.

[1, 2] 1. Could the suit be maintained in Knox county? This must depend on the contractual relations of the parties to the suit, and certain statutory provisions of Tennessee. In 1906 the city and the paving company entered into a written contract for the improvement of certain paving districts of Knoxville, some with asphalt, and some with brick and asphalt, at specified prices payable according to approximate monthly estimates and ultimately upon final estimate. Among these districts was Park avenue (paving district No. 16), which was to be paved with asphalt (except between the outer rails of an existing double-track street railway and two strips of brick paving next to the outer rails) from Gay street to the Southern Railway bridge or viaduct, a distance of about 3,200 feet. The paving company agreed, for the considerations mentioned, to keep the pavement "in good repair at its own expense and free of all charge" to the city "for a period of five

years from the date of the completion" of the improvement; and at the same time the paving company, as principal, and the Ætna Company, as surety, executed and delivered to the city a bond in the sum of $15,000, subject to a condition that should the paving company "guarantee, maintain, and keep repaired under the direction of the city engineer, for a period of five years, the paving done by them under said contract, then this obligation to be void; otherwise, to remain in full force and effect." Upon the claimed completion of the work on Park avenue, a controversy arose between the city and the paving company with reference to the work, which was settled and compromised on February 28, 1908, whereby it was agreed that the paving company's period of guaranty should be extended for an additional three years, thus making the entire repair period eight years; and a further bond in the sum of $10,000 was then executed and delivered to the city by the paving company, as principal, and the Ætna Company as surety, subject to condition similar in terms and additional to that mentioned in the first bond. The Ætna Company is a corporation of Connecticut, and concededly at the times the improvement contract and the two indemnity bonds mentioned were delivered, as stated, the Ætna Company was authorized by its charter and qualified under the statutes of Tennessee so to obligate itself; but when the present suit was begun the Ætna Company had withdrawn from business in Tennessee and had no agent in that state, except, as shown below, the state insurance commissioner of Tennessee.

In 1901 the Ætna Company was admitted to do business in Tennessee, and as a condition precedent it filed with the insurance commissioner of that state a power of attorney, dated May 21, 1901, authorizing the insurance commissioner or his deputy—

"to acknowledge service of all legal process * * * for and in behalf of it * * * in said state of Tennessee, in any judicial proceeding which may, within the state of Tennessee, be instituted against it, the said company, or to which it may be a party; and the said * * * company does hereby, in consideration of the privilege of doing business in said state, * * * consent to and with said state of Tennessee, for the benefit of all persons concerned, that service of any such process upon such insurance commissioner or deputy * * * shall be taken and held to be as valid as if served upon" the company, "according to the laws of said state of Tennessee, or of any other state; and the said * * * company does hereby further consent that in case it * * * shall cease to transact business in the said state * * * said insurance commissioner and deputy * * * shall be considered and held as continuing to be attorney" for the company "for the purpose of process * * * in any action against it * * * upon any policy or liability issued or contracted during the time the said company transacted business" in the state.

This power of attorney has not been revoked; and it was given and received pursuant to paragraph 3 of section 9, chapter 160, Tennessee Acts of 1895 (page 327; see, also, section 3292, par. 3. Shan. Code [Ed. 1917]). This statute provides among other things:

"Any process issued by any courts of record in this state, and served upon such commissioner by the proper officer of the county in which said commissioner may have his office, shall be deemed a sufficient process on said company, and it is hereby made the duty of the insurance commissioner, promptly,

after such service of process by any claimant, to forward, by registered mail, an exact copy of such notice to the company."

Concededly the chancery court of Knox county is a court of record, and, apart from the question whether the present suit could be maintained at all in Knox county, its jurisdiction embraces such suits as this. See Shan. Code, § 6109. Section 6115 provides:

"The court of chancery acts ordinarily in personam, and suit may be instituted wherever the defendant, or any material defendant, is found, unless otherwise prescribed by law."

Section 6116:

"Counterpart summons, accompanied by copies of the bill, may be issued to any other counties of the state for defendants not to be found in the county in which the suit is properly brought." [1]

As we have seen, the original bill was filed in the chancery court of Knox county on December 30, 1913. January 2, 1914, process issued to Hamilton county for the paving company, and both to Knox and Davidson counties for the Ætna Company, and was served on the former in Hamilton county, January 5th, and on the insurance commissioner of Tennessee, in Davidson county, January 7th; the commissioner acknowledging and accepting such service. As already stated, the paving company filed its plea in abatement in the chancery court of Knox county February 2, 1914. It was in substance alleged in the plea that neither the paving company nor any other defendant resided in Knox county or had any office or agency there; that counterpart summons for the paving company issued to Hamilton county and was served upon it there; that original process was issued in Knox county for the Ætna Company and subsequently served upon one McMillan, who was described in the sheriff's return as "the last agent and officer" of the Ætna Company "to be found in my county"; that McMillan was not, however, when the bill was filed or when the process was served, an agent or officer of the Ætna Company; that counterpart process for the Ætna Company was issued to Davidson county and service thereof acknowledged in that county by the insurance commissioner of Tennessee, who assumed "to act under a power of attorney for that purpose." The prayer was whether, since the suit "was not brought in a county in which this defendant or any other material defendant was found," the paving company should answer further. The Ætna Company, appearing only for the purpose of its plea in abatement, presented in its plea allegations substantially like those contained in the plea of the paving company, except that the Ætna Company alleged "that process issued for it, at the same time, to both Knox and Davidson counties," and, it is to be particularly noticed, this exception is in accord with the

[1] This section being limited to suits "properly brought" renders it unnecessary to consider the broader section (4526) cited by counsel. Section 4526 provides as follows: "When there are two or more defendants in any suit in courts of law or equity, or before justices of the peace, the plaintiff may cause counterpart summons or subpoena to be issued to any county where any of the defendants are most likely to be found, the fact that the counterpart process is issued in the same suit being noted on each process, which, when returned, shall be docketed as if only one process had issued."

stipulation; hence the allegation of the paving company that counter summons for the Ætna Company was issued to Davidson county is to be treated as a mistake.

It is true that McMillan had not been an agent of the Ætna Company since March 12, 1908, and it must be conceded that service upon him was not effective; but it does not seem to us that this is decisive of the question whether the suit was rightly instituted in Knox county. When the suit was begun the paving improvement contract and the indemnity bonds were subsisting obligations of the two defendant companies as respects the guaranty repair period; and we do not see how the Ætna Company can be heard to say that the admitted service of process on the insurance commissioner was not binding upon it in the present suit. It was required under the statute of 1895, as a condition to its right to do business in Tennessee, to constitute and appoint the insurance commissioner or his successor its true and lawful attorney upon whom lawful process in any action against it might be served, and also to agree that such service "shall be of the same force and validity as if served on the company" and that the authority so given should "continue in force, irrevocably, as long as any liability of the company remains outstanding" in Tennessee. The statute simply requires that the process so issued shall be by a court of record of the state; it does not prescribe the county in which the suit shall be brought; it requires only that service shall be made upon the commissioner of insurance by the proper officer of the county in which he may have his office, and this would seem to have been in effect carried out. As Judge Sanford said, when considering this feature of the case upon demurrer to the replication of the city to the plea in abatement:

"It having been conceded at the hearing that the indemnity company is a foreign insurance company within the meaning of that act (Acts 1895, c. 160, par. 3, pp. 322, 327), this question is, I think, ruled by Patton v. Casualty Co., 119 Tenn. 364, 373, 104 S. W. 305, in which it was held that a nonresident holder of an insurance policy might, under this act, sue in Tennessee a foreign insurance company upon a foreign cause of action, and, further, that in such suit brought in Washington county, Tenn., the acknowledgment of service of the process by the insurance commissioner residing in Nashville, Davidson county, Tenn., 'was properly made, and the company was brought before the court.'"

To the same effect is the ruling in Mutual Reserve, etc., Ass'n v. Phelps, 190 U. S. 147, 149 top, 157, 23 Sup. Ct. 707, 47 L. Ed. 987.

True, it is strenuously urged that the essential basis for issuing counterpart summons, say as here to the paving company, is the commencement of a suit in a county where a necessary defendant is "found." This overlooks important parts of sections 6115 and 6116 above quoted. The first of these sections provides that the suit may be brought where any material defendant is found, "unless otherwise prescribed by law," and the latter authorizes the issue of counterpart summons to any other county for a defendant not found in the county where the suit is "properly brought." If any effect is to be given to the words "unless otherwise prescribed by law" (section 6115), it is plain that where a suit is instituted and process served in accordance with another statute of the state the suit must be treated as "properly brought" within the

meaning of section 6116; and enough has already been pointed out to show that the procedure taken against the Ætna Company was sanctioned by the insurance act; in other words, such procedure was "otherwise prescribed by law." It hardly need be added that if the suit was "properly brought" in Knox county, the paving company was open to counterpart summons in Hamilton county; the law (section 6116) is so written. This harmonizes all the statutory provisions alluded to, while any other interpretation would frustrate the manifest object of the mode of service prescribed by the insurance act. Furthermore, we agree with Judge Sanford, who said of this feature of the case:

"The effect of the insurance act of 1895 is, as stated, to permit the suit to be 'properly brought' against the indemnity company in Knox county, although apparently not technically 'found' theiein. And this being so, the suit was hence not only 'properly instituted' in that county against the indemnity company, but under the express provision of section 4306 (now 6116) counterpart summons may issue to another county for the construction company, the condition of the issuance of such counterpart summons not being that another material defendant is 'found' in such county, but that the suit was 'properly brought' in such county. This question is, I think, also ruled by University v. Cambreling, 6 Yerg. (Tenn.) 79, 85. This was a suit in chancery brought in Maury county against two defendants. The one, the University of North Carolina, a foreign corporation, entered its appearance. The other, an individual defendant, was served with a subpœna in Weekly county, outside of the chancery district. It was held that under these circumstances the court had acquired jurisdiction over the resident defendant. Catron, Judge (afterwards Mr. Justice Catron), delivering the opinion, said: 'But the university appeared. This was equal to service of a subpœna within the jurisdiction. The court, having power over one defendant, of course, has jurisdiction of all other material parties, no difference in what part of the state they reside; were it not so, justice would be defeated in most cases for want of parties necessary to a final decree.' The second ground of this opinion is, I think, in exact accord with the provisions of section 4306 (6116) of the Code, and is not a mere dictum, but one of the grounds of decision, and hence conclusive of the present question. And I find nothing to the contrary in Carlisle v. Cowan, 85 Tenn. 165, 2 S. W. 26, involving merely the general rule that the right of suit in transitory actions follows and does not precede the person of the defendant, a rule necessarily abrogated by the act of 1895 in suits against foreign insurance corporations."

Moreover, when speaking of the right to issue counterpart summons, the trial judge further held:

"Thus a statute providing for suit in any district gives, by necessary implication, the right to issue process beyond the district. United States v. Congress Const. Co., 222 U. S. 199, 203, 32 Sup. Ct. 44, 56 L. Ed. 163. And this construction is in accordance, not only with Life Ins. Co. v. Spratley, 99 Tenn. 332, 335, 42 S. W. 145, and Patton v. Casualty Co., 119 Tenn. 364, 373, 104 S. W. 305, but, as I think, with the uniform practice in Tennessee, and the view generally entertained both by the bar and the bench since the passage of the act of 1895. And the fact that the bill alleged that McMillan was an agent of the company in Knox county does not, I think, militate against the validity of the service of process upon the indemnity company by service upon the insurance commissioner, the insurance act of 1895 providing an additional mode of obtaining jurisdiction over the defendant. See, by direct analogy, Mutual Reserve Ass'n v. Cleveland Mills (6th Circ.), 82 Fed. 508, 511, 27 C. C. A. 212, involving the effect of the Tennessee act of 1875 (chapter 66)."

The weight of Judge Sanford's opinion is augmented by his familiarity with the practice prevailing, as he says, in Tennessee; even then, if counsel for the companies be right in saying that the Supreme Court

of the state has not distinctly passed upon the precise question involved here, still in such a situation, the consensus of opinion of the bar and the *nisi prius* courts may generally be accepted as a safe guide in the construction of state statutes. Upon the whole, we conclude that the suit could be maintained in Knox county as against both defendant companies.

2. Upon careful study of the merits of the case we are convinced that it is ruled by the decision of this court in City of Akron v. Barber Asphalt Paving Co., 171 Fed. 29, 96 C. C. A. 271. The controlling facts of the two cases are in principle the same, and a discussion here either of the facts or the applicable law can serve no useful purpose. We do not overlook the insistence that the excess, $479.55, with which the paving company is charged, is without evidential support. We are satisfied that this view cannot be sustained; and it scarcely need be said that this court cannot weigh the evidence.

The judgment must be affirmed.