### Hiram R. Johnson v. The Provincial Insurance Company of Toronto.

*Former recovery as a bar : fraudulent concealment of cause of action.*—An insurance agent gave bond to his principal, conditioned to account for and pay over the moneys received by him as such. Judgment having been recovered by them on this bond for money not accounted for and paid over, a scire facias was issued, assigning as a further breach, that the obligor had, before the judgment, received a further sum for which he failed to account, and the receipt of which he fraudulently concealed. On demurrer, it was held that the fraudulent concealment was a sufficient reason for not including this sum in the original pleadings and judgment; — and the demurrer was overruled.

*Mistake in assignment of error: amendment.*— An objection to a writ that it is not *tested* "in the name of the People of the State of Michigan," is not sufficient to allow the party to make the point that the *style* of the writ is not "in the name of the *People*," &c. And as the objection is purely technical, an amendment should not be allowed to rectify it to the overthrow of substantial justice.

*Heard October 30th, 1863. Decided January 8th.*

Error to Wayne Circuit.

On July 22, 1858, the defendants in error filed their declaration in said Court, against Roderick M. Chittendon, Hiram R. Johnson and Hiram R. Andrews, upon a bond given by them, conditioned that said Chittendon should, from time to time, account for and pay or cause to be paid to said insurance company, all such moneys as should be by him received for said company, and well and faithfully execute and perform his duties as agent of said company.     Breach, that said Chittendon failed to account for and pay over the sum of $555.36 by him received for the company.

September 14th, 1858, the company recovered judgment in said suit by default, for $2000, the penalty of the bond, and had their damages assessed at $565.61.

November 29, 1859, scire facias was issued upon said judgment as follows:

*The People of the State of Michigan, to the Sheriff of the County of Wayne, Greeting:*

[SEAL.]  Whereas the Provincial Insurance Company of Toronto, of the Province of Canada, heretofore, to wit: on the fourteenth day of September, 1858, in the Circuit Court for the County of Wayne, and State of Michigan, recovered against Roderick M. Chittendon, Hiram R. Johnson, and Hiram R. Andrews, judgment for a certain debt of two thousand dollars; and whereas the said Court also awarded execution against the said Roderick M. Chittendon, Hiram R. Johnson and Hiram R. Andrews, for the sum of five hundred and sixty-five dollars and sixty-one cents, ascertained and determined by said Court to be the amount due the said plaintiff, by reason of the breach of a certain writing obligatory, hereinafter mentioned, being part of said debt for which said judgment was rendered, and also their costs and charges expended in that behalf by said plaintiffs, whereof the said Roderick M. Chittendon, Hiram R. Johnson, and Hiram R. Andrews were convicted,

as by the record and proceedings thereof remaining in said Circuit Court, before the Judge thereof, at the city of Detroit in said county of Wayne, manifestly appears.

And afterwards, at this day, to wit: the twenty-ninth day of November, 1859, the said Provincial Insurance Company of Toronto, by William A. Moore, their attorney, come into the said Circuit Court for the County of Wayne, and before the Judges thereof at the said city of Detroit, and in accordance with the form of the statute in such case made and provided, give the said Court to understand and be informed that the said debt so by their account as aforesaid was and is a certain penal sum of two thousand dollars, mentioned in a certain bond or writing obligatory, bearing date and executed by the said defendants, and sealed with their seals, on the second day of September, 1857, at the said city of Detroit, and within the jurisdiction of this Court, and to the Court now here shown, and being upon the files thereof, which said writing obligatory was and is subject to a certain condition thereunder written, whereby after reciting to the effect following, to wit: Whereas the said defendant, R. M. Chittendon, had been retained and employed by the said plaintiffs as an agent in the transaction of fire and marine insurance business, for and on account of said plaintiffs, and upon being so employed had agreed to enter into a bond in a sufficient penalty, for insuring to the said plaintiffs the faithful discharge of his duties in his said employment, and whereas for the engagement of the said Roderick M. Chittendon as such agent, they, the said Hiram R. Johnson and Hiram R. Andrews, on the behalf and at the request of the said Roderick M. Chittendon, did consent and agree to become surety unto the said plaintiffs, for the said agent's true and faithful execution and discharge of his said office, as thereinafter mentioned, to wit: that if the said Roderick M. Chittendon should, from time to time, and as often as he should be thereunto requested

by the said plaintiffs, their successors and assigns, well and truly account for, and pay or cause to be paid unto the said plaintiffs, their successors and assigns, all such sum or sums of money as should be by him, the said Roderick M. Chittendon, had and received for, on account of, or to the use of said plaintiffs, in any way whatever, and should at all times, when thereunto requested, well and truly account for and deliver unto the said plaintiffs, or unto such person or persons as the said plaintiffs should appoint to receive the same, all such sum or sums of money, books, papers, writings, receipts, vouchers, matters and things which he, the said Roderick M. Chittendon, had received, or should from time to time be intrusted with, or which should come into his hands for, on account of, or to the use of the said plaintiffs and their successors; also, if the said R. M. Chittendon should from time to time, whilst he should so continue an agent of the said plaintiffs, in all things and in all respects well and faithfully execute and perform the said office of agent according to the instructions which might from time to time be furnished him from the said plaintiffs, or when he should act without instructions, then said obligation should be void, otherwise to be and remain in full force and virtue.

And the said plaintiffs, the Provincial Insurance Company of Toronto, also give the said Circuit Court for the county of Wayne here to understand and be informed, that the declaration by them filed in the said action, on which they obtained said judgment aforesaid, was exhibited on the 22d day of July, 1858, and that said action was brought and commenced upon and for a certain breach of the aforesaid writing obligatory, by the said defendants, before the exhibition of the declaration aforesaid.

But the said plaintiffs, for further and other breach of the said writing obligatory, according to the form of the statute in such case made and provided, give the said Court to understand and be informed, that after the exe-

JOHNSON v. PROVINCIAL INSURANCE CO. OF TORONTO.

cution of the said writing obligatory, and before, and at the time of the filing of the said declaration in the afore-said action, the said Roderick M. Chittendon had received, as agent of and for, and on account of the said plaintiffs, a large sum of money, to wit: the further sum of three hundred and two dollars and sixty cents, and that said Chittendon, although thereunto afterwards often requested, to wit: on the 29th day of October, 1859, by the said plaintiffs, has failed and neglected to well and truly account for and pay, or cause to be paid, the said last mentioned sum of money to said plaintiffs, or any part thereof, according to the condition of said writing obligatory, and still neglects and refuses so to do, to wit: at the city of Detroit aforesaid: that the said plaintiffs, at the time of the entry of the judgment so recovered as aforesaid, had no knowledge that the said defendant Chittendon had received the said sum of money last mentioned, or any part thereof: that the said defendant Chittendon denied that he had received any such sum of money, or any part thereof, and they charge that he wrongfully concealed from said plaintiffs that he had received said sum of money, or any part thereof, which said last mentioned breach of the said writing obligatory so assigned, the said plaintiffs give the said Court here to understand and be informed, is a further and other breach than the one for and by reason of which the said plaintiffs obtained the said judg-ment so by them recovered as aforesaid: and for which said further and other breach the said plaintiffs have humbly besought this Court to provide them a remedy, and this Court being willing that what is just in this behalf should be done, does, according to the form of the statute in such case made and provided, command you that you summon the said Roderick M. Chittendon and Hiram R. Johnson (the said Hiram R. Andrews being now deceased) that they be and appear before this Court, at the court house in the city of Detroit, in said county of Wayne, on

Tuesday the third day of January next, to show cause, if any they have, why execution should not. be had and awarded against them, the said Chittendon and Johnson, upon the said judgment so obtained for; the damages aforesaid, by reason of the said further and other breach of the said condition of the said writing obligatory, and further to do and receive what said Court, before the Judge thereof, shall then and there consider of them in this behalf; and have you then and there this writ.

Witness the Honorable Benjamin F. H. Witherell, Judge of the Circuit Court for the county of Wayne, at Detroit, on the 29th day of November in the year one thousand eight hundred and fifty - nine.

E. T. Throop, Clerk.

Wm. A. Moore, Plffs. Atty.

To this the defendant Johnson demurred, for the following reasons :

1st. For that the said writ is not tested "in the name of the People of the State of Michigan."

2nd. For that it appears that the breach alleged in the said writ of scire facias is for the same or a part of the same breach for which a recovery was had in the action upon which said writ issued.

3rd. For that said scire facias is not issued against Hiram R. Andrews, the defendant in the judgment recovered in said cause, or against his legal representatives in any way, nor are they or either of them parties thereto.

4th. And for that the said writ is in other respects deficient and insufficient.

The Circuit Court overruled the demurrer, and gave judgment for the plaintiffs.

D. C. Holbrook, for plaintiffs in error:

The defect in the style of the writ not being issued "In the name of the People of the State of Michigan," rendered the writ void and not amendable: — 20 Ill. 509,

The second error is, that the writ sets forth the fact that this breach accrued prior to the commencement of suit, and it is for exactly the same breach (not for the same money) as that alleged in the declaration.

The plaintiffs took judgment in the former suit at their peril for any sum. The defendant could have been sworn for plaintiffs, and he might have sworn to the truth, and owned up as to the whole money. But suppose he had sworn that he had not received any other, and the plaintiff knew nothing of further receipts, as is alleged ; would it then be competent, after a discovery of the facts, to recover it in the manner now attempted ?

A bill of discovery might have been filed, and the fact of the receipt of this money found out.

Had this *sci. fa.* alleged, as a breach, that the defendant Chittendon did not follow instructions, and thereby the money was lost, or any other breach but that identical with the declaration, another question might arise.

Chittendon's denial out of court was nothing more than his plea of general issue in court.

It is not necessary to cite authorities showing that a plaintiff can not split the same cause of action, and recover parts by two suits ; that a party shall not be subject to two suits for the same breach ; but the ignorance of the plaintiff is relied upon as good cause for multiplying suits against these sureties, as often as a discovery is made of other monies collected.

This is contrary to the well established course of decisions: — 2 *Smith's Lead. Cas.* 4 *Am. Ed.* 572-3, &c.

*W. A. Moore*, for defendants in error.

CAMPBELL J.:

The judgment below was rendered on a *scire facias* to recover upon further breaches of a bond which had passed into judgment against Roderick M. Chittendon, as

principal, and Hiram R. Johnson and Hiram R. Andrews, as sureties. The bond was given for the purpose of securing the insurance company against the misconduct of their agent. Judgment was given on demurrer.

It was alleged as error, that the breach set forth in the scire facias is the same or a part of the same set forth in the original declaration. The scire facias avers that the money now claimed was received by Chittendon before the original suit, but that he concealed that fact from the company, and that they knew nothing of it when the judgment was rendered.

The bond was given to secure an *accounting*, as well as payment; and this was necessary, for the obvious reason, that generally an insurance company has no means of discovering the receipt of money until the agent informs his principal of the fact. An agent can not be permitted to set up his own wrong to avoid a liability; and if he kept the company in ignorance of his receipts, he can not, on that ground, object that they have not acted as if they knew what they did not know. Our statute makes a fraudulent concealment of a cause of action a ground for excepting it from the Statute of Limitations (*Comp. L.* § 5372); — and if it avails for such a purpose, it must equally avail in a case like the present. The scire facias avers that it is a new breach, and gives the fraudulent concealment as a sufficient reason for not including it in the original pleadings and judgment.

It is also objected, that the scire facias is not tested in the name of the People of the State of Michigan. It does run in the name of the People of the State of Michigan, and conforms in this regard to the English practice, and that of the United States Courts, and probably most of the State Courts. A writ is properly said to run in the name of the person or government from whom the command on the face of the writ appears to emanate.

Had not the words "in the name of the People of

the State of Michigan" been inserted in the Constitution between inverted commas, so 'as to favor the idea that the phrase must be used *verbatim,* no difficulty could arise in this case about it. Whether the Constitution can be satisfied by a substantial compliance has been left unnecessary for decision in the case before us, as the objection, which is purely technical, is itself insufficiently taken. The Constitution does not require writs to be *tested* in the name of the People. The statute requires them to be tested in the name of the Circuit Judge. It is the *style* of the writ which must be in the name of the People. *Comp. L.* § 4107. As the statute is express upon this subject, the defendant in error was justified in assuming that the objection, being pointed at the *test* of the writ, was not well taken. We are reluctant to allow a party to lose a ground of error which we can see he probably designed to take, merely because of a slip in missapplying a technical phrase, but the objection itself is so technical that we should not feel justified in allowing such an amendment as would rectify the slip to the overthrow of substantial justice.

The other grounds of error were not pressed.

Judgment must be affirmed, with costs.

The other Justices concurred.