DAWSON W. CLELAND

*v.*

LOUIS F. TAVERNIER.

A summons in a civil action, after the address to the defendant, proceeds, "You are hereby summoned and required *in the name* of the State of Minnesota." *Held:* That this is a substantial compliance with Sec. 14, Art. 6, of the constitution.

The proceedings in attachment under our statutes, are only ancillary to the action, and are not essential to the jurisdiction of the court to enter judgment therein.

Where an order for the publication of a summons was dated on the 18th of January, and copies of the summons and complaint are deposited in the post office on the 20th of the same month, the intervening day being Sunday, *Held:* a compliance with the statute.

This is an appeal from an order of the District Court for Ramsey county, denying a motion to set aside the judgment, process, &c., in this action. The summons was served by publication and a writ of attachment had issued; judgment was entered by default, and an execution issued, under which the property attached was seized and sold.

The grounds upon which the motion was made, are as follows: 1st. That the summons did not conform to the constitution, in that it was not styled "The State of Minnesota." 2d. "That the writ of attachment was void, because allowed by the clerk instead of the judge, and was not sealed, nor styled 'The State of Minnesota;' and the sheriff in his return does not certify that he levied on any property of the defendant, but on certain real estate *as* the property of the defendant." 3d. "That the first publication of the summons was

on Sunday, and the same was not published six weeks aside from such publication; that no copies of the summons and complaint were deposited in the post office *forthwith*, as required by law and the order of the court, and that the judgment was prematurely entered." The summons after the title of the cause was as follows: "To the above named defendant, You are hereby summoned and required in the name of the State of Minnesota, to answer," &c. The writ of attachment was allowed by the clerk, was not under seal, and was styled "In the name of the State of Minnesota," "To the sheriff," &c. The return is, "I certify and return that I served the within writ by attaching * * * * as the property of Louis F. Tavernier," &c. It appeared on the hearing, by affidavit, other than the printer's, that the summons was published first on the 19th day of January, (which was Sunday,) but again on the 23d and 29th of January, the 5th, 12th, 19th, and 26th days of February, and on the 5th, 12th, and 19th days of March. The judgment was entered March 22d. The order for publication was dated January 18th, and copies of the summons and complaint were deposited in the post office on the 20th (the 19th being Sunday).

Brisbin & Warner, for Appellant.

. Morris Lamprey, for Respondent.

*By the Court*—McMillan, J.—This is an appeal from an order denying a motion to set aside a judgment. The defendant urges three grounds of error, which we notice in their order.

1. "The summons did not conform to the constitution in that it was not styled 'The State of Minnesota,' to the defendant." The summons after the address to the defendant, proceeds, "You are hereby summoned and required *in the name of the State of Minnesota,* to answer," &c. This is a sub-

stantial compliance with Sec. 14, Art. 6, of the constitution. The same question was thus determined by the Supreme Court of Pennsylvania, under a provision in the constitution of that State, similar to that in our own, and we regard the reasoning in that case altogether applicable here. *White v. The Commonwealth*, 6 Brim. 184.

2. "The writ of attachment was void, for the reason that it was allowed by the clerk and not by the judge, and was not sealed, nor was it styled 'The State of Minnesota,' and the sheriff's return does not certify that he levied on any property of the defendant, but only that he levied on certain real estate as the property of the defendant." Upon these objections to the attachment the defendant principally relies in this case. Granting the facts are as stated in the objection, it is entirely immaterial. The proceedings in the attachment are merely ancillary to the action, and are not essential to the jurisdiction of the court to enter judgment in the action. The counsel urges that the defendant not being a resident or within this State at the commencement of the action, the proceeding is in effect a proceeding *in rem*. Conceding that to be the case, and that the property can only be reached by due process of law, it does not follow that an attachment is the only due process. It has already been determined by this Court that the fact of the defendant having property within this State, confers jurisdiction to the extent of such property. *Stone v. Myers et al.*, 9 Minn. 309.

The manner in which that jurisdiction shall be exercised, within constitutional limits, is a matter within the discretion of the legislative power. It is at their pleasure to say whether it shall be by an action *commenced* by summons served by publication, and proceeding regularly to judgment as in other cases, and seizing the property only after judgment; or whether the first step shall be by attaching the property and then proceeding in the action. The former is the manner prescribed by our statute, and we think is altogether proper. The prop-

Cleland v. Tavernier.

erty having been seized and held upon execution issued on the judgment, the proceedings upon the attachment are not material.

3. "That the first publication of the summons was on Sunday, and void by statute. The summons therefore was not published the required time, and the judgment was premature." It appears, however, by the proofs submitted on the hearing of the motion, that although the first publication of the summons was on Sunday, the 19th day of January, 1862, that it was again inserted on the 22d of January, 1862, and regularly published once in each week for six successive weeks thereafter, and that more than twenty days elapsed after the termination of the six weeks commencing on the 22d of January, before application was made for judgment. We think this proof was competent, and the service was good.

The order for the publication of the summons was dated on the 18th of January, and copies of the summons and complaint were deposited in the post office on the 20th, the 19th being Sunday. This deposit was before the first legal publication of the summons. We think this was a substantial compliance with the order in this case.

The order denying the motion is affirmed.