# Herring *v.* Kelly & Co.

*Attachment in Action on Verified Account.*

1. *Writ of attachment; amendment of.*—Under the statute (Code, § 2998) permitting the plaintiff, before or during the trial, "to amend

[Herring v. Kelly & Co.]

any defect of form or of substance in the affidavit, bond, or attachment," a writ of attachment directed "to the sheriff or any constable of said county" may be amended, after a plea in abatement has been interposed on the ground that the writ was improperly directed, so as to make the direction of the writ "to any sheriff of the State of Alabama" (Code, § 2941); and such amendment obviates the objection raised by the plea in abatement.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. J. M. CARMICHAEL.

The appellees, John R. Kelly, M. W. Kelly and B. G. Farmer, suing as partners composing the firm of Kelly & Co., commenced this action by attachment, on an account verified by affidavit, for $651.08, against the appellant, J. W. Herring. The writ of attachment, as originally issued by a justice of the peace, was directed "to the sheriff or any constable of the said county." The defendant pleaded in abatement that the writ of attachment should have been directed "to any sheriff of the State of Alabama," instead of "to the sheriff or any constable of the said county." A demurrer of the plaintiffs to this plea having been overruled, the plaintiffs asked leave of the court to amend the attachment writ so as to make the direction thereof read, "To any sheriff of the State of Alabama;" which amendment was allowed, against the objection of the defendant, and the defendant excepted to this ruling. The defendant failing to plead further, judgment was rendered against him. The defendant appeals, and assigns as error the ruling of the lower court in allowing said amendment.

L. W. MARTIN, for appellant.

JOHN V. SMITH, *contra*.

WALKER, J.—The defendant having interposed a plea in abatement upon the ground that the writ of attachment was directed "to the sheriff or any constable of the said county," instead of in the mode the statute prescribes, which is, "To any sheriff of the State of Alabama" (Code, § 2941); the plaintiff was allowed to amend the writ so as to make the direction follow the form prescribed by the statute. The allowance of the amendment was proper, under the statute permitting the plaintiff, before or during the trial, "to amend any defect of form or of substance in the affidavit, bond, or attachment."—Code, § 2998; *Peebles v. Weir*, 60 Ala. 413. The amendment obviated the objection raised by the plea in abatement, conceding that the provision of

the statute (Code, § 2941,) that "no objection shall be taken for any defect in form, if the essential matters are set forth," did not itself render the objection unavailing.

Affirmed.