## HARPER v. TURNER.

### (*Nashville.*　January 25, 1899.)

1. **ATTACHMENT.** *Void, when.*

    A Justice's writ of original attachment that does not run in the name of the State is void.

    Cases cited; Mayor v. Pearl, 11 Hum., ——; McLenden v. State, 92 Tenn., 525; Wiley v. Bennett, 9 Bax., ——.

2. **AMENDMENT.** *Of void process.*

    A Justice's writ of original attachment, void for failure to run in name of State, cannot be amended in the Circuit Court after appeal, so as to remedy this defect;

---

FROM RUTHERFORD.

---

Appeal in error from Circuit Court of Rutherford County.　W. C. HOUSTON, J.

McLEMORE & RICHARDSON for Harper.

BROWN & LYTLE for Turner.

McALISTER, J.　Suit by original attachment, before a Justice of the Peace, to enforce a landlord's lien on his tenant's crop for rents.　Summons was issued at the same time and served upon the tenant.　Judgment was pronounced by the Justice of

the Peace in favor of plaintiff, and sale of crop ordered.    Defendant appealed, and in the Circuit Court moved to quash the writ of attachment upon several grounds, and, among others, that the writ did not run in the name of the State, as required by the Constitution.    On motion of plaintiff, the Court permitted the attachment to be amended in the respects complained of.    This action of the Court is now assigned as error.    The contention of defendant is that the writ was void, because it did not run in the name of the State, as required by the Constitution, and was not amendable in this respect.    This position is well taken.    By the common law process was not amendable where it appeared upon the face of it that it was void.    If the process was not a nullity, the old rule was that an amendment would be allowed where there was anything to amend by.    1 Am. & Eng. Enc. Pl. & Pr., 658.

In *Mayor and Aldermen* v. *Pearl*, 11 Hum., it was held that the provisions of the State Constitution, that "all writs and other process shall run in the name of the State of Tennessee," applies to a distress warrant issued by the Recorder of a municipal corporation to collect a privilege tax, and such omission renders the warrant void; *McLendon* v. *State*, 8 Pickle, 525.

In *Wiley* v. *Bennett*, 9 Bax., it appeared that the writ of attachment had been issued without the signature of the Clerk.    The Constitution of the State requires that all process shall run in the name

Harper *v.* Turner.

of the State, and bear teste and be signed by the respective Clerks. The Court held that the writ of attachment without the signature of the Clerk is no more than a piece of blank paper, and must be held void. "An amendment," said the Court, "cannot aid this, as a new writ must be made by the signature of the Clerk, and this must be levied on the property, the levy under the void writ being a nullity."

This case falls within the principle of the cases cited, and the attachment is, therefore, void. Plaintiff, however, is entitled to an affirmance of his judgment on the note.