CARTMELL *et al. v.* MECHANICS' INS. CO.

(*Jackson.* April Term, 1934.)

Opinion filed May 31, 1934.

N. R. Barham and T. W. Pope, both of Jackson, for appellants.

R. Lee Bartels, of Memphis, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The Mechanics' Insurance Company, a foreign corporation, with an agency in Shelby county, issued a policy to R. B. Cartmell, of Madison County, insuring his automobile against fire and theft. There was a loss payable clause for the benefit of J. P. J. Bruce Company, a corporation located in Shelby County.

The bill was filed in the chancery court of Madison County to recover on the policy. Process was served on the state insurance commissioner. The chancellor sustained defendant's plea in abatement, and complainant appealed. The question presented is whether or not the action can be maintained in Madison County, where the defendant had no office, agency, or resident director.

The defendant invokes the rule (Code, sec. 8640) that transitory actions follow the person, and where directed against corporations the venue is in the county where the corporation has an office or agent subject to service of process under sections 8643-8669 of the Code.

The complainant proceeded under section 9, subdivision 3, chapter 160, Acts of 1895, Shannon's Code, section 3292, subdivision 3, which has been construed to allow the court of any county in the State to obtain jurisdiction by service of summons on the insurance commissioner. See 14-A C. J., sec. 421, p. 1401, sec. 431, p. 1406. This and similar statutory provisions have been generally regarded as broadening the statutes of venue so that process may run from the court at the residence of the

complaining party. *Patton* v. *Continental Casualty Co.,* 119 Tenn., 364, 104 S. W., 305; *Southern Paving Const. Co.* v. *Knoxville* (C. C. A.), 245 Fed., 421, 425.

The insurance commissioner, as agent by appointment of a foreign insurance company, is agent for the whole State, on whom process, running from any county, may be served without regard to the location of the company's principal office or place of business or of the place where the cause of action arose. 33 C. J., p. 156. In most jurisdictions having similar statutes, such acts have been held to be cumulative so that process may be served on the insurance commissioner under the appointment by the company or upon any other legally authorized agent.

The power executed by the defendant February 16, 1916, in conformity with chapter 160, Acts of 1895, is brought into the record by stipulation. The defendant appointed the commissioner of insurance its agent with express authority to receive process, or upon whom process could be served, in any judicial proceeding instituted against it in this State. When process was served upon the insurance commissioner as agent for the company, it was his duty to communicate the fact of service to the company. There is no suggestion that that duty of the insurance commissioner was not complied with in this instance.

Subdivision 3, section 9, Acts of 1895, Shannon's Code, section 3292, subdivision 3, applicable to foreign fire and life insurance companies, was omitted from the Code of 1932. Similar provisions relating to domestic insurance companies, accident and health insurance companies on the assessment plan, and nonresident insurance companies writing policies through a licensed broker, were

retained. Compare sections 6107, 6108, 6163, and 6219 of the Code of 1932 with sections 3292, 3292a, 3338, and 3350a2 of Shannon's Code.

■ ■ After enactment of the Code, the defendant continued doing business in the State under the protection of its laws and in compliance with statutes relating to foreign insurance companies. It did not revoke the power of attorney by which it appointed the insurance commissioner its agent upon whom process issued by the courts of this State could be served. By that appointment the insurance commissioner was the company's duly appointed agent for purposes of process. The repeal of the act under which the power of attorney was executed did not operate to revoke the appointment. *D'Arcy* v. *Connecticut Mutual Life Ins. Co.,* 108 Tenn., 567, 69 S. W., 768. The unrevoked power of attorney constituted the commissioner of insurance the defendant's agent in the several counties of the State, and localized the trial at the residence of complainant in Madison County.

The decree of the chancellor sustaining the plea in abatement is reversed, and the cause remanded for a trial on its merits.