CLIFTON *et al. v.* AMERICAN INS. CO.

(*Nashville,* December Term, 1933.)

Opinion filed June 23, 1934.

R. M. BEATTIE, W. H. BORSJE, and R. O. VALLEY, all of Memphis, for appellants.

R. L. BARTELS, of Memphis, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree of the chancellor dismissing their bill on motion, the complainants have appealed to this court.

The bill apparently states a good cause of action upon an insurance policy, and there was a proper prayer for process and a cost bond given.

The clerk of the court issued a subpœna, regular in form, except that it was addressed "to the Insurance Commissioner" instead of to the sheriff, directing that the American Insurance Company be summoned to appear before the chancery court of Shelby county, etc.

It seems that the insurance commissioner accepted service for defendant insurance company, the latter being a New Jersey corporation, and presumably defendant company had due notice of the suit.

A motion "to quash the process in this cause and dismiss the suit" was entered by the defendant, upon the following grounds:

"1. The process is issued and directed to 'the Insurance Commissioner,' when in truth and in fact it should have been directed to the sheriff of Shelby Coun-

ty, Tennessee; or, if to be served upon the Insurance Commissioner at Nashville, the sheriff of Davidson County.

"2. The process reads 'Summon the American Insurance Company of the City of Newark, New Jersey,' and bears no return as prescribed by law, but does bear the indorsement as follows: 'Service of the within process is hereby acknowledged this 19th day of June, 1933. J. S. Tobin, Insurance Commissioner, by T. E. Miles, Deputy.' When the codifiers of the 1932 Code drafted the same, and the same was adopted by the Legislature, it failed to include that section of the Insurance Act of 1895 authorizing and empowering the Insurance Commissioner to accept service of process in suits brought against fire insurance companies doing business in the State of Tennessee; and defendant herein says, and the bill of complainants shows, that it is a fire insurance company.''

The point made by the second ground of the motion to quash has been ruled upon in the recent opinion of *R. B. Cartmel et al.* v. *Mechanics' Insurance Company,* 167 Tenn., 498, 71 S. W. (2d), 688. The act of 1895 (Pub. Acts 1895, chap. 160), to which reference is made, required the insurance companies to give the insurance commissioner a power of attorney to accept service of process for them. Until that power of attorney is revoked, service on the insurance commissioner, in suits arising out of previous business, is good.

The only question therefore presented is whether this bill should be dismissed because the subpœna issued was addressed to the insurance commissioner instead of being addressed to the sheriff. The insurance commissioner,

the agent of defendant company, obtained as full notice of the suit through the direct receipt of subpœna from the clerk as he would have received had the subpœna been served by the sheriff. And the insurance commissioner evidently gave ample notice of the suit to defendant company. The defense made, therefore, by the first ground of the motion to quash rests upon the sheerest technicality.

The section of the Code regulating chancery subpœnas, section 10421, is as follows:

"The form of subpœna may be substantially as follows: State of Tennessee, ———— County. To the sheriff of ————— county: Summon ———— to appear, on or before the ———— day of ———— next, before the chancery court at ————, to answer the bill of ————, and have you then and there this writ. This ———— day of ————, 19—, E F, C, and M."

■ It is true, as said in Gibson's Suits in Chancery, section 187, the statute provides that the subpœna shall be addressed to the sheriff, but we do not think an omission so to address the subpœna renders the process absolutely void and incapable of amendment.

The defendant relies on a line of cases arising under section 12 of article 6 of the Constitution of the State. That section is: "All writs and other process shall run in the name of the State of Tennessee; and bear teste and be signed by the respective clerks." It has been ruled that this section is mandatory and that process is void which does not run in the name of the state of Tennessee, *Harper* v. *Turner,* 101 Tenn., 686, 50 S. W., 755, *Mc-Lendon* v. *State,* 92 Tenn., 520, 22 S. W., 200, 21 L. R. A., 738; *Nashville* v. *Pearl,* 30 Tenn. (11 Humph.), 249, and

does not bear teste and is not signed by the clerk, *Wiley* v. *Bennett,* 68 Tenn. (9 Baxt.), 581; *State* v. *Scott,* 32 Tenn. (2 Swan), 333.

The Constitution, however, contains no provision as to the address which a subpœna shall bear, and the language of the statute above quoted can scarcely be treated as mandatory. The provision is that the form of subpœna "may be substantially as follows."

 The complainants opposed several defenses to the motion to quash. When these defenses were overruled ,and the motion to quash sustained, the complainants filed a petition to rehear, in which petition they prayed, among other things, to be allowed to amend the process issued herein. It seems to us that the chancellor should have allowed the amendment. It is not amiss to refer to our statutes of jeofails.

Section 8707 of the Code:

"No summons, writ, pleading, process, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection."

Section 8710: "Immaterial variances, errors, omissions, or defects, in all these cases, may be disregarded, or the court may direct an amendment without costs."

Section 8711: "The court may allow material amendmments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe."

There appears to be some conflict in the authorities, but many courts of high repute, under statutes similar to the foregoing and not so broad, have permitted the amendment of a subpœna or writ improperly addressed. *Herring* v. *Kelly,* 96 Ala., 559, 11 So., 600; *Simcoke* v. *Fred-*

584

*erick,* 1 Ind., 54; *Barker* v. *Norton,* 17 Me., 416; *Parker* v. *Barker,* 43 N. H., 35, 80 Am. Dec., 130; and see other cases collected in 56 C. J., 454.

We, of course, recognize that there is reposed in the chancellor a broad discretion with respect to allowance of amendments, and are satisfied that the amendment here would have been allowed had the request therefor been pressed upon his consideration. Complainants, however, were resisting the motion to quash, and their application to amend the process seems to have been lost sight of below.

Reversed and remanded for further proceedings. Defendant will pay the costs of appeal.