McClearen *v.* United States Fidelity & Guaranty Co.
*et al.*

(*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

N. B. SAUVE and GILES L. EVANS, both of Nashville, for plaintiff in error.

TRABUE, HUME & ARMISTEAD and REBER BOULT, all of Nashville, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The summons issued from the circuit court of Davidson county cited the defendants to appear and answer plaintiff in an action of damages. The sheriff's return showed that Taylor Denton was not found in Davidson county. No counterpart was issued. Service of process against the United States Fidelity & Guaranty Company was accepted by the commissioner of insurance. The last-named defendant pleaded in abatement (1) that under the Code of 1932 the commissioner of insurance was without authority to accept service of process against foreign insurance companies and his acceptance was insufficient to confer jurisdiction. (2) That the cause of action arose in Lewis county and plaintiff and the real defendant, Taylor Denton, were at the time of the accident, when suit was commenced, and are now, residents of Lewis county. Further, that the defendant United States Fidelity & Guaranty Company, a foreign corporation, had then, and now has, an agent in Lewis county on whom process could be served.

Plaintiff moved to strike the plea in abatement. The trial judge, treating the motion as a demurrer, sustained the motion as directed to the first ground of the plea in

abatement, applying the rule stated in *Clifton* v. *American Ins. Co.*, 167 Tenn., 579, 72 S. W. (2d), 769; *Cartmell* v. *Mechanics' Ins. Co.*, 167 Tenn., 499, 71 S. W. (2d), 688. See, also, 33 C. J., p. 156.

█ Referring to the motion as directed to the second ground of the plea in abatement, the trial judge said:

"The motion to strike is overruled as to defendant's second plea. The plea shows the co-defendant is a resident of Lewis County, and the defendant corporation has an agent, is doing business, and is subject to process in that County. Under these circumstances, I am of the opinion that the fact that one of the defendants happens to be a corporation and subject to process elsewhere in the State, does not alter the mandatory provisions of Section 8641 of the Code to the effect that when both parties reside in the same County the action shall be brought in the County of their residence."

In this conclusion we concur. Every circumstance required to fix the locality of trial in Lewis county is shown by the facts stated in the plea. Sections 8641 and 8751 of the Code require that an action shall be abated, if challenged by plea in abatement, when the plaintiff and the defendant both reside, at the time the suit is brought, in the same county. These sections and section 8643 of the Code, authorizing service upon local corporate agents, very definitely fix the venue in Lewis county. As said in *Haynes* v. *Wood*, 151 Tenn., 167, 268 S. W., 632, sections 8640, 8641, and 8751 of the Code evince the legislative purpose to localize such transitory actions to the county where the action arose and where plaintiff and defendant both reside. The object of that provision being for the convenience of both litigants and witnesses.

Section 8643 of the Code authorizing service on the corporation's local agent and provisions authorizing service upon the commissioner of insurance are generally held cumulative, and, in the absence of statute where, as a condition of admission to the state, the corporation generally designates an agent to receive process, such agent is the agent for the whole state on whom process running from the county of plaintiff's residence may be served. See *Cartmell* v. *Insurance Co., supra.*

Affirmed.