CITY OF MURFREESBORO *v.* BOWLES.

*(Nashville,* December Term, 1947.)

Opinion filed July 17, 1948.

BARTON DEMENT, JR., and GEORGE S. BUCKNER, both of Murfreesboro, for plaintiff in error.

ALFRED B. HUDDLESTON, of Murfreesboro, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Plaintiff in error, Louis T. Bowles, appeals from a fine of $25 imposed by the Circuit Court of Rutherford County, for sale of milk within the city limits without a permit from the City Health Officer. The appeal is upon the technical record only, and presents a single question, which is incorporated in the first assignment of error, and is as follows:

"The City Warrant does not run in the name of the State of Tennessee as required by Article 6, Section 12, of the Constitution of Tennessee, and it was, therefore, void; and the Trial Court was in error in failing to so adjudge."

This suit was commenced by the issuance of a City warrant under the signature of the City Recorder. Under the caption, "State of Tennessee, Rutherford County, City of Murfreesboro," affidavit of the City Health Officer was made charging the plaintiff in error, Louis T. Bowles, with the offense of selling milk within the corporate limits of the City of Murfreesboro, without a permit, as required by section 3 of the City Milk Ordinance.

On the same printed sheet, and after this affidavit of the Health Officer, there is the following summons:

"City of Murfreesboro

"Rutherford County

"To Any Lawful Officer of Said City

"The foregoing affidavit having been made before me that the offense of selling milk in city limits without permit to do so has been committed, you are therefore commanded *in the name of the State of Tennessee,* for the use and benefit of the City of Murfreesboro to arrest and bring before me, Albert Williams, City Recorder of the said City, Louis Bowles to answer to the above charge.

"Issued, this 14 day of January, 1948.

"Albert Williams

"City Recorder."

(Our italics.)

Plaintiff in error, by the foregoing assignment, insists that this process violates that part of section 12, of Art. 6 of the Constitution, which provides that "All writs and other process shall run in the name of the State of Tennessee . . ." We think there is no merit in this contention.

"Process is properly said to run in the name of the person or government from whom the command on the face of the process appears to emanate." 42 Am. Jur., Process, sec. 9, p. 11.

". . . a writ is properly said to run in the name of the person or government from whom the command on the face of the writ appears to emanate." 50 C. J., Process, sec. 30-2, p. 453.

The language of both these authorities is taken from *Johnson v. Provincial Ins. Co.,* 1864, 12 Mich. 216, 86 Am. Dec., 49, 51.

██ Clearly, the process here under review meets this requirement, for on the face of the writ it specifically says, "you are therefore commanded in the name of the State of Tennessee."

It is immaterial that this command of the Sovereign appears in the body of the writ, and not in its caption. 42 Am. Jur. and 50 C. J., *supra.*

"It is of no consequence in what part of the process the commonwealth is introduced, so that the command is given in its name." *White* v. *Commonwealth,* 6 Binn., Pa., 179, 6 Am. Dec., 443, 447.

Likewise, in the case of *Cleland* v. *Tavernier,* 11 Minn. 194, under a constitutional provision substantially identical with that of Tennessee, the summons, which had in its body the following:

"You are hereby summoned and required in the name of the State of Minnesota, to answer, etc.,"
was held to comply with the constitutional requirement.

We find that none of the cases from Tennessee cited and relied on by the plaintiff in error are in conflict with these decisions, or in point in this case. In *McLendon* v. *State,* 92 Tenn. 520, 22 S. W. 200, 21 L. R. A. 738, the command was from the Criminal Court of Shelby County. In the case of *Mayor and Aldermen* v. *Pearl,* 30 Tenn. 249, the command was from the "Mayor and Aldermen of the City of Nashville." Citation on the brief to *Webb* v. *Carter,* 129 Tenn. 182, 242, 165 S. W. 426, is to a dictum of the Court citing and approving *Mayor and Aldermen* v. *Pearl, supra, and McLendon* v. *State, supra.* In the case of *Harper* v. *Turner,* 101 Tenn. 686, 50 S. W. 755, it is merely stated in the opinion that the writ of attachment did not run in the name of the State of Tennessee, but the opinion does not state under whose au-

thority, or at whose command the writ actually purported to run. We, of course, recognize the authority of the foregoing Tennessee cases, but conclude that in the case under review, the provision of the Constitution was fully met by the specific command to arrest the Defendant in the name of the State of Tennessee.

■■ The second assignment of error assails the jurisdiction of the Circuit Court to hear this case. For a number of reasons, we find the assignment without merit. Under Code sec. 9019, jurisdiction of the subject matter is expressly conferred on the Circuit Court to hear the appeal from the City Court, which is a civil proceeding "as in debt." *Memphis* v. *Smythe,* 104 Tenn. 702, 58 S. W. 215. Jurisdiction of the person of the Defendant was secured by service upon him of the warrant we have already considered. After service, he filed pleas in the case, styling his pleadings, as the case was docketed, "*City of Murfreesboro* v. *Louis T. Bowles.*" The attack on the jurisdiction was not made a ground for new trial, nor otherwise brought to the attention of the Trial Judge. It comes too late when introduced for the first time in brief on appeal. We have appellate jurisdiction only. Rule 14(5), 173 Tenn. 876.

All assignments of error are overruled and the judgment is affirmed.

All concur.