IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 19, 2008 Session

## RONALD WATSON v. ROBERTO GARZA, ET AL.

Direct Appeal from the Circuit Court for Crockett County
No. 3004    Clayburn Peeples, Judge

No. W2007-02480-COA-R3-CV - Filed November 7, 2008

This appeal involves a motion to dismiss for insufficient service of process. The summons issued for service on the defendant-appellee was served by the deputy sheriff on a co-defendant. The trial court granted the defendant-appellee's motion to dismiss. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY J. KIRBY, J., joined.

Glenn K. Vines, Jr., Memphis, TN, for Appellant

R. Dale Thomas, Jesse D. Nelson, Jackson, TN, for Appellee

**OPINION**

## I.  FACTS & PROCEDURAL HISTORY

Ronald Watson ("Plaintiff") and Roberto Garza, Jr., ("Defendant Garza") were involved in an automobile accident on November 19, 2004. Defendant Garza was driving a semi-tractor truck owned by Jimmy Harber, and leased to Allon Delivery, LLC. On November 1, 2005, Plaintiff filed this action against Defendant Garza, Jimmy Harber, and Allon Delivery. A summons was issued for service on Defendant Garza, listing his correct home address. The return of summons was completed by a deputy sheriff as follows[1]:

> I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:
> By delivering on the 21st day of December, 2005, at 18:50 P.M. a copy of the summons and a copy of the Complaint to the following defendants:
> Jimmy Harber owner of Allon Delivery, owner requested paper to be served upon Jimmy Harber

Answers were filed on behalf of Jimmy Harber and Allon Delivery, but Defendant Garza did not file an answer. Plaintiff subsequently engaged in discovery with Jimmy Harber and Allon Delivery, but Defendant Garza did not participate.

On May 21, 2007, Defendant Garza filed a motion to dismiss for insufficient service of process, along with a memorandum of law and his own affidavit stating that he was never served with process. Defendant Garza further stated by affidavit that he had resided at the address listed on the summons since 2002, and that to his knowledge, no one had attempted to serve him with process. Defendant Garza also stated that he had "never given authorization to Mr. Harber to accept process on my behalf," and that Mr. Harber had never been his authorized agent for any purpose.

Jimmy Harber testified by deposition that the deputy sheriff left "papers" at his house, and that his wife, Bonnie, gave them to Defendant Garza when he picked up his paycheck at the Harbers' residence later that week. Mr. Harber explained that he was out of town when Defendant Garza came to get his paycheck, and Bonnie did not tell him any details about the encounter.

Plaintiff's counsel deposed Defendant Garza on July 28, 2007, after he had filed the motion to dismiss for insufficient service of process. Defendant Garza testified that he received "the lawsuit" one day when he went to Jimmy Harber's house to get his paycheck. Defendant Garza could not remember if Bonnie Harber handed the papers directly to him, or if she was even present. He stated that the papers were in an envelope with his paycheck, and that he did not even look at them at the time. When he got home, his wife discovered the summons and read it to him.

On August 3, 2007, Plaintiff filed a "Motion for Suggestion of Diminution of Record," requesting that the summons be amended to show that it was served upon Defendant Garza by Bonnie Harber. Plaintiff also filed a response to the motion to dismiss, arguing that Defendant Garza

---

[1] The underlined portions were handwritten by the deputy.

should be estopped from asserting the defense of insufficiency of service of process because his motion to dismiss was untimely.

The trial court held a hearing on the motions on August 6, 2007. Thereafter, the court entered an order granting Defendant Garza's motion to dismiss and denying Plaintiff's motion for suggestion of diminution of the record. The order was made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, and Plaintiff timely appealed.

## II. ISSUES PRESENTED

Plaintiff presents the following issues, slightly restated, for review,:

1. Whether the trial court erred in requiring Plaintiff to prove that service of process was proper when the deputy sheriff returned the summons as "served" on Defendant Garza;
2. Whether the trial court erred in denying Plaintiff's motion for suggestion of diminution of the record to amend the summons;
3. Whether the trial court erred in finding that Defendant Garza was not estopped to claim insufficiency of service of process.

For the following reasons, we affirm the decision of the circuit court.

## III. DISCUSSION

### A. The Manner of Service

Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding. *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006) (citing *Haley v. University of Tennessee-Knoxville*, 188 S.W.3d 518, 522 (Tenn. 2006)). The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules. *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. M.S. July 24, 1996).

"The Tennessee Rules of Civil Procedure govern the service of process, and the Supreme Court has held that the Rules of Civil Procedure are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by the Court and adopted by the General Assembly." *Estate of McFerren v. Infinity Transport, LLC*, 197 S.W.3d 743, 747 (Tenn. Workers' Comp. Panel 2006) (citing *State v. Hodges*, 815 S.W.2d 151, 155 (Tenn. 1991)). "Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure." *Wallace*, 1996 WL 411627, at *2. Rule 4.04 of the Tennessee Rules of Civil Procedure provides, in relevant part:

The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:

(1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

. . .

Rule 4.03 provides that "[t]he person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service." The return of service is "a written account of the actions taken by the person making service to show to whom and how the service was made, or the reason service was not made." 3 Nancy Fraas MacLean, *Tennessee Practice Series – Rules of Civil Procedure Annotated* § 4:15 (4th ed. 2008). According to the Advisory Commission Comment to Rule 4.03, "the manner of service must be described and the person served must be identified on the return; thus any departure from the routine manner of service will instantly be apparent to the court and to defendant's counsel." Rule 4.01 states that the return indorsed on the summons "shall be proof of the time and manner of service."

In the case before us, the return indorsed on the summons for Defendant Garza reads, "Jimmy Harber owner of Allon Delivery, owner requested paper to be served upon Jimmy Harber." Thus, the summons was not delivered "to the individual [Defendant Garza] personally," in accordance with the first part of Rule 4.04(1). Instead, it was left with a co-defendant. Still, Plaintiff argues that because "an officer's return is prima facie evidence of proper service," **Jackson v. Aldridge**, 6 S.W.3d 501, 503 (Tenn. Ct. App. 1999), we must assume that service was proper, and that Jimmy Harber must have been "an agent authorized by appointment or by law to receive service on behalf of" Defendant Garza. *See* Tenn. R. Civ. P. 4.04(1). According to Plaintiff, Defendant Garza was required to prove, through disinterested witnesses, by clear and convincing evidence, that Jimmy Harber was not authorized to receive process on his behalf. We disagree. The presumption that statements in an officer's return are true does not extend to the lengths urged by Plaintiff.

Statements made in the officer's return are entitled to presumptive weight because sheriffs and their deputies "cannot be expected to retain independent recollections of each service, and they generally have no personal interest in the litigation." 62B Am. Jur. 2d *Process* § 291 (2008). For example, in **Brake v. Kelly**, 226 S.W.2d 1008, 1010-11 (Tenn. 1950), three defendants testified that they were not served with process, but the official return of the deputy sheriff was directly to the contrary. The deputy testified that while he had no independent recollection of having served these particular summonses, "he was sure that he did do so, or he would not have so made the return which, except as to the printed part, [was] in his own handwriting." *Id.* at 1009. The Supreme Court concluded that the defendants "had failed to carry the burden of proof in support of their allegation that they had not been served with process and that the return of the officer to the contrary was

false." *Id.* at 1010. The Court interpreted previous cases as holding that when a defendant denies being "served with process, *the official return and the testimony of the sheriff to the contrary*, such testimony of defendant . . . should be supported by other disinterested witnesses or corroborating circumstances." *Id.* at 1011 (emphasis added) (citing *Tatum v. Curtis*, 68 Tenn. 360 (1878)). The testimony of one interested witness alone was not sufficient to impeach the return, because it presented a situation of "oath against oath." *Id.* Therefore, the Court found that the defendants' own testimony that they were not served was "insufficient to overcome the presumption of verity of the return of the officer[.]" *Id.*

In another case, the Supreme Court explained that "the officer's return is regarded in the law as the best evidence of the fact it states, and the oath of an interested party is not sufficient in law to overcome such return." *Royal Clothing Co. v. Holloway*, 347 S.W.2d 491, 492 (Tenn. 1961).

The Middle Section of this Court addressed an argument similar to Plaintiff's in *Third National Bank of Nashville v. Estes*, No. 85-142-II, 1986 WL 3155 (Tenn. Ct. App. M.S. Mar. 12, 1986) *perm. app. denied* (Tenn. May 4, 1987). In that case, the plaintiff had filed a motion seeking to have a default judgment set aside for insufficient service of process. *Id.* at *1. The deputy sheriff's return of service stated, "served [Defendant's wife] by leaving a copy of his summons with her and advising her to see that [Defendant] receives it. [Defendant] is evading service." *Id.* at *4-5. When the defendant challenged service of process, the plaintiff tried to rely upon "the presumption that the statements in an officer's return are true" to establish that the defendant was evading service. *Id.* at *5. On appeal, Judge Koch (now Justice Koch) explained that the return of service does not conclusively prove that the manner in which the defendant was served with process was adequate:

> Third National Bank appears to be relying upon the presumption that the statements in an officer's return of process are true. This reliance is misplaced because the statements in the return deal with more than the action of the officer who served the process.
>
> Tennessee is one of the jurisdictions following the rule that, absent fraud, an officer's return is prima facie evidence that the facts stated therein are true. *Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 574, 347 S.W.2d 491, 492 (1961). This rule is based upon the long-recognized presumption that public officials perform their duties in the manner prescribed by law. *Wartrace v. Wartrace & Beech Grove Turnpike Co.*, 42 Tenn. (2 Cold.) 515, 519 (1865). However, this presumption of correctness does not extend to statements in a return that are no more than the officer's conclusions based upon information provided to the officer by others. *Canon v. Time, Inc.*, 115 F.2d 423, 426 (4th Cir. 1940); *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1, 3 (1965); *First Federal Savings and Loan Association of Chicago v. Brown*, 74 Ill.App.3d 901, 393 N.E.2d 574, 578 (1979); and *Goldner v. Reiss*, 64 Misc.2d 285, 315 N.Y.S.2d 644, 645 (1970). *See also* 62 Am.Jur.2d *Process* §§ 179 & 180 (1972) and 72 C.J.S. *Process* § 99 (1951).

Based upon these principles, the officer's statements in the return that he left a copy of the summons with Mrs. Estes and that he asked her to see that Mr. Estes received it are to be given prima facie weight because they are statements concerning what the officer actually did. They relate to matters that are presumptively within the officer's personal knowledge. However, the same cannot be said for the officer's conclusion that Mr. Estes was evading service of process. We have no proof concerning how the officer reached this conclusion. Without such proof, through testimony or otherwise, we cannot accord to the officer's conclusion the same weight given to his statements of fact. See *Harris v. American Legion John T. Shelton Post No. 838*, 12 Ill.App.3d 235, 297 N.E.2d 795, 796-97 (1973).

*Id.* at *5-6.[2] In ***Stanley v. Mingle***, No. 01-A-01-9007-CV-00253, 1991 WL 53423, at *3 (Tenn. Ct. App. W.S. Apr. 12, 1991), this Court similarly refused to infer that a defendant was evading service of process from the statement in the officer's return that the defendant was "[n]ot to be found."

In sum, Rule 4.01 provides that the return indorsed on the summons "shall be proof of the time and manner of service." However, "[i]f the method of service employed requires the establishment of a particular legal predicate, the conclusory allegations of the process server will not be sufficient to establish valid service." Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2-2(f), at 2-22 (2d ed. 2004).

Applying these principles to the case at bar, we conclude that prima facie weight should be given to the deputy's statement that he served Defendant Garza's summons on Jimmy Harber, at Jimmy Harber's request. In other words, Defendant Garza could not disprove these statements without presenting "other disinterested witnesses or corroborating circumstances." *See **Brake v. Kelly***, 226 S.W.2d 1008, 1011 (Tenn. 1950). We do not also presume, however, that Jimmy Harber must have been an agent authorized by appointment or by law to receive service on behalf of Defendant Garza. Although Defendant Garza had the burden of showing that Jimmy Harber was not authorized to receive service of process on his behalf, *see **Boles v. Tenn. Farmers Mut. Ins. Co.***, No. M1999-00727-COA-R3-CV, 2000 WL 1030837, at *5 (Tenn. Ct. App. July 27, 2000), he was not required to do so through disinterested witnesses.

In support of his contention that Jimmy Harber was not authorized to accept service of process on his behalf, Defendant Garza presented his own affidavit stating that he had "never given authorization to Mr. Harber to accept process on my behalf," and that Mr. Harber had never been his authorized agent for any purpose. Plaintiff did not present any evidence to suggest that Jimmy Harber was an agent of Defendant Garza for any purpose. He simply argued that Defendant Garza's

---

[2] The record in ***Estes*** contained only the motion to set aside the judgment and the return of service, and there was no evidence, by affidavit or otherwise, concerning the efforts to serve the defendant. 1986 WL 3155, at *5. Therefore, the Court remanded the case for an evidentiary hearing regarding the manner of service. *Id.* at *6.

own testimony was insufficient to establish that Jimmy Harber was not his agent.[3] Plaintiff's attorney asked Defendant Garza during his deposition if he received other important documents or mail, such as Federal Express deliveries, at Jimmy Harber's house, but Defendant Garza responded that he only received his paycheck there. *Cf. Boles*, 2000 WL 1030837, at *5 (observing that in some jurisdictions, an employee who is authorized to sign for and receive a defendant's certified mail is also authorized to accept service of process by mail as the defendant's authorized agent). Although the return of summons indicates that Jimmy Harber requested that the papers be left with him, Plaintiff does not argue that Jimmy Harber's conduct was evidence of an agency relationship. In any event, "[a]pparent authority of an agent must be determined by the acts of the principal and not those of the agent." *Boone v. Gibson*, No. E2003-00226-COA-R3-CV, 2004 WL 367621, at *5 (Tenn. Ct. App. Feb. 27, 2004) (quoting *Edmond Bros. Supply Co. v. Boyle and Adams*, 44 S.W.3d 530, 534 (Tenn. Ct. App. 2000)). Regarding agents "authorized by appointment" to accept service, the federal courts have similarly held that "claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of [Federal Rule of Civil Procedure] Rule 4(e)(2)." 4A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1097 (2008).

From the record before us, it is undisputed that Jimmy Harber was not authorized by Defendant Garza to accept service of process on his behalf. In the absence of any evidence demonstrating that Jimmy Harber was "an agent authorized by appointment or by law to receive service on behalf of the individual served," Tenn. R. Civ. P. 4.04, we must conclude that service of process was improper.

### *B. The Motion for Suggestion of Diminution of Record*

Next, Plaintiff argues that the trial court should have granted his "Motion for Suggestion of Diminution of Record" and allowed him to amend the summons to show that it was served on Defendant Garza by Bonnie Harber. It is undisputed that the summons was passed along from person to person, and that it eventually made it into the hands of Defendant Garza. Apparently, Bonnie Harber placed the documents in an envelope with his paycheck and either handed the envelope to him or left it for him to pick up. Plaintiff contends that this constituted proper service because Rule 4.01(2) of the Tennessee Rules of Civil Procedure provides, "A summons and complaint may be served by any person who is not a party and is not less than 18 years of age." However, Rule 4.01(2) requires that "[t]he process server must be identified by name and address

---

[3] Plaintiff relies on *Eluhu v. Richards*, No. M2005-00922-COA-R3-CV, 2006 WL 1521158, at *5-6 (Tenn. Ct. App. June 2, 2006), which is distinguishable from the case at bar. In *Eluhu*, the return of summons for the defendant, Anthony Cebrun, stated "Served – Tony Cebru[n]." *Id.* at *1. The Court explained, "when a defendant denies that he was served with process and the official return as well as the testimony of the serving officer is to the contrary, then the testimony of the defendant must be supported by disinterested witnesses or by corroborating circumstances." *Id.* at *5 (citations omitted). Here, the return unambiguously states that it was served on a third party, and Defendant Garza is not disputing the statements on the official return.

on the return." Bonnie Harber is more than eighteen years old, but it is not clear from the record that she personally delivered the summons to Defendant Garza, and she is not mentioned on the return.

Rule 4.09 of the Tennessee Rules of Civil Procedure provides that "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Plaintiff cites *Clifton v. American Ins. Co.*, 72 S.W.2d 769 (Tenn. 1934), in support of his argument that he should have been permitted to amend the return of summons. In *Clifton*, process was properly served upon the state insurance commissioner, but the clerk had erroneously addressed the subpoena "to the Insurance Commissioner" instead of to the sheriff. *Id.* The trial court granted the defendant's motion to dismiss. *Id.* On appeal, the Supreme Court acknowledged that the trial judge has "broad discretion with respect to allowance of amendments," but it concluded that the chancellor should have allowed an amendment of the summons because the defendant's argument was based "upon the sheerest technicality." *Id.* In *Ford Motor Co. v. Taylor*, 446 S.W.2d 521, 525 (Tenn. Ct. App. 1969), a summons listed the correct date of filing and date of issuance, but its "teste date," or "ceremonial reference to the beginning of the term," listed the wrong month. The Court of Appeals noted that "much of the reason and substance" for stating the teste date was outdated and held that "[t]he circuit judge acted entirely within his discretionary powers in allowing the correction by amendment to comply with the 'forms of ancient days.'" *But see Citizens Bank v. Jarvis*, No. 03A01-9507-CV-00224, 1996 WL 159647, at *1-2 (Tenn. Ct. App. W.S. Apr. 4, 1996) (holding that a civil warrant was "fatally defective" and "void *ab initio*" where it summoned the defendants to appear before the general sessions court of Carter County, Tennessee, but the case was actually pending in Sullivan County). Although the correction of defects in the return of summons may be allowed in some circumstances, there is clearly a difference between a "mere irregularity" and a "jurisdictional defect." 72 C.J.S. *Process* §§ 125, 147 (2008); 62B Am. Jur. 2d *Process* § 301 (2008).

As stated above, in Tennessee, "[s]ervice of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure." *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. M.S. July 24, 1996). Plaintiff has cited no authority in support of his contention that such "second-hand" or "passed along" service of process is authorized under the Rules of Civil Procedure. In effect, Plaintiff asks us to hold that service was proper because Defendant Garza ultimately received the summons and had notice of the lawsuit. However, that is not the standard for proper service. The fact that Defendant Garza "had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve the process in accordance with the rule." *Id.* In *Wallace*, a process server left the summons with the defendant's son, and the son "passed the process on to defendant." *Id.* at *2. Because nothing in the record suggested that the defendant attempted to evade service of process, such service was found to be improper and void despite the defendant's knowledge of the lawsuit. *Id.* Service was similarly improper in *Toler v. City of Cookeville*, 952 S.W.2d 831, 833 (Tenn. Ct. App. 1997), where the summons and complaint were taped to a defendant's door, even though the defendant received actual notice of the lawsuit. In *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *3 (Tenn. Ct. App. May 2, 2006), the plaintiff argued that service was proper where the defendant

received a copy of the complaint in the mail. The Court rejected his argument because the "mere receipt of a complaint in the mail does not comply with the requirements of Tenn. R. Civ. P. 4 and, therefore, does not suffice for proper service." *Id.* The plaintiff further argued that the defendant actually knew about the lawsuit, to which the Court responded, "While we have no doubt that he did, again, this does not suffice for service of process." *Id.*

In conclusion, we decline to hold that service of process was proper in this case even though Defendant Garza ultimately received a copy of the summons and complaint and had notice of the lawsuit. We find no abuse of discretion in the trial court's decision to deny the motion for suggestion of diminution of the record.

### C. Estoppel

Finally, Plaintiff argues that Defendant Garza should be estopped from claiming that service of process was insufficient because he did not file his motion to dismiss until May of 2007, and service was attempted in December of 2005.

Sufficiency of personal service is subject to challenge under Rule 12.02(5) either in the adverse party's responsive pleading or, optionally, by motion to dismiss. *Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991). Specifically, Rule 12.02 provides that this defense, among others, "shall be asserted in the responsive pleading," or "may at the option of the pleader be made by motion in writing." *Faulks v. Crowder*, 99 S.W.3d 116, 125 (Tenn. Ct. App. 2002). "As a general rule, defects in process, service of process, and return of service may be waived." *Id.* Rule 12.08 states that "[a] party waives all defenses and objections which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply[.]" For example, in *Faulks*, 99 S.W.3d at 124, a defendant waived the issue of insufficient personal service where he failed to raise it in his answer, then tried to raise the issue in a motion to dismiss two years later. A defendant may also, by his conduct, be estopped to object that service was improper. *Id.* (citing 72 C.J.S *Process* § 99 (1987); 108 ALR Fed. 887 (19[92])). "Such conduct may include participating in discovery, in addition to failing to raise the issue of insufficiency of service clearly or with the necessary specificity." *Id.* (citations omitted). *See, e.g.*, *Goodner v. Sass*, No. E2000-00837-COA-R3-CV, 2001 WL 35969, at *2 (Tenn. Ct. App. Jan. 16, 2001) (holding that the defense of insufficient service of process was waived where the defendant engaged in discovery for one year before raising the issue in a motion for summary judgment). However, once the defense of insufficient service of process has been properly raised, any other participation in the lawsuit by the defendant does not constitute a waiver. *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 399 (Tenn. Ct. App. 2001) (citing *Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. Ct. App. 1997)).

The deputy sheriff served Defendant Garza's summons on Jimmy Harber on December 21, 2005. Thereafter, Defendant Garza's co-defendants filed answers and engaged in discovery with Plaintiff, but Defendant Garza did not file a responsive pleading, engage in discovery, or otherwise participate in the lawsuit. The first pleading filed by Defendant Garza was the motion to dismiss for

insufficient service of process on May 21, 2007. Filing a motion to dismiss was a proper method of raising the issue of insufficient service pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure. Moreover, Defendant Garza did not engage in any conduct prior to filing the motion which would demand that he be estopped from raising the defense. This argument is without merit.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to the appellant, Ronald Watson, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.