# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2011 Session

## JOHN V. L. v. STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-00582910    John R. McCarroll, Jr., Judge**

**No. W2011-01397-COA-R3-JV - Filed November 10, 2011**

Respondent father asserts the petition for dependency and neglect filed by the Department of Children's Services in juvenile court should be dismissed for insufficient service of process, and that Tennessee Code Annotated § 37-1-102(b)(23) is unconstitutional as applied to him. Upon *de novo* appeal, the circuit court affirmed the finding of dependency and neglect and dismissed the Constitutional challenge. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Andrew L. Wener, Memphis, Tennessee, for the appellant, John V. L.

Robert E. Cooper, Jr., Attorney General and Reporter, Alexander S. Rieger, Assistant Attorney General, Tennessee, for the appellee, Tennessee Department of Children's Services.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The facts of this case are not disputed. In January 2010, the Tennessee Department of Children's Services ("DCS") received a referral from the El Paso, Texas, police department informing DCS that it had arrested Respondent/Appellant father ("Respondent"). The El Paso police informed DCS that, upon taking possession of Respondent's cell phone, it observed videos of Respondent sexually abusing his minor daughter, Nadia L., who was then seven years of age. The El Paso police informed DCS that Nadia and Respondent's three younger children, were dependent and neglected.

On February 10, 2010, DCS filed a dependency and neglect petition in the Juvenile Court for Shelby County. In its petition, DCS alleged the children were dependent and neglected pursuant to Tennessee Code Annotated § 37-1-102(b)(12)(F) and (G), and that they were the victims of abuse as defined by Tennessee Code Annotated § 37-1-102(b)(1). The Department asserted that Respondent had given a full confession to authorities in El Paso, Texas, admitting that he had engaged in oral sex with his minor daughters. The Department further asserted that Respondent had been indicted for sexual abuse, and that he was incarcerated. The Department also alleged that the children's mother ("Mother") had failed to protect the children, and that a suitable placement with relatives could not be found. In its petition, the Department requested temporary custody of the children and a finding of severe child abuse pursuant to Tennessee Code Annotated § 37-1-102(b)(23)(C).[2] The juvenile court entered a protective custody order removing the children to the temporary custody of DCS the same day. On April 1, 2010, temporary custody was awarded to the children's maternal grandmother.

On February 19, 2010, counsel for Respondent filed a notice of special appearance in the matter. In his notice, counsel asserted that he had been appointed to represent Respondent, but specifically reserved all affirmative defenses and did not subject Respondent to the jurisdiction of the court. On March 16, 2010, by special appearance, Respondent filed a motion for declaratory relief and to dismiss the allegation of severe abuse. In his motion, Respondent asserted Tennessee Code Annotated 37-1-102(b)(21)(C) is unconstitutional because the element of "knowing" is not defined. On March 30, 2010, the Attorney General filed a motion to intervene in the matter to defend the constitutionality of the statute.

Following rather protracted proceedings in the juvenile court, the matter was heard before a juvenile court magistrate on September 22, 2010, and confirmed as a decree of the court on October 25, 2010. The juvenile court found, by clear and convincing evidence, that

---

[2] Tennessee Code Annotated § 37-1-102(b)(23)(C) defines child abuse as: "The commission of any act towards the child prohibited by §§ 39-13-502--39-13-504, 39-13-522, 39-15-302, 39-15-402, and 39-17-1005 or the knowing failure to protect the child from the commission of any such act towards the child[.]"

the children were dependent and neglected pursuant to Tennessee Code Annotated § 37-1-102(b)(12)(F) and (G), and that two of the children were the victims of sexual child abuse under Tennessee Code Annotated § 37-1-102(b)(23)(C) as the result of abuse by Respondent. The court found that Mother was not aware of abuse by Respondent and that she did not fail to supervise the children. The juvenile court further found that Mother and Respondent were divorced in 2010, that Respondent was not welcome in Mother's home, and that the children should be returned to Mother's care. The juvenile court denied Respondent's motion for declaratory relief and motion to dismiss on the grounds that Tennessee Code Annotated § 37-1-102(b)(23)(C) is unconstitutional, and dismissed "all other motions." The magistrate also found that Respondent had been served via certified mail at the Middleton Transfer Facility in Abilene, Texas, on June 7, 2010. Respondent (hereinafter "Appellant") filed a notice of appeal to the Circuit Court for Shelby County on September 22, 2010.

Counsel for Appellant filed a notice of special appearance in the circuit court on December 6, 2010. On December 10, 2010, he filed a motion for declaratory relief and to dismiss, again asserting the unconstitutionality of Tennessee Code Annotated § 37-1-102(b)(23).[3] In his motion, Appellant again asserted that the subsection was unconstitutional where the term "knowing" was not defined. The Attorney General again intervened in the matter. On February 22, 2011, Appellant filed a notice of affirmative defenses, asserting, *inter alia*, that service of process was not perfected and/or insufficient service, and that Tennessee Code Annotated § 37-1-102(b)(21) is unconstitutional. On March 2, 2011, Appellant was personally served with DCS's petition and a summons.

Following discovery, the matter was heard by the circuit court on April 18 and June 6, 2011. By order entered May 18, 2011, the trial court found that DCS had received a referral in September 2009 alleging sexual abuse of an unknown child by Appellant; that DCS investigated the referral; and that a safety plan was put in place with Mother that she would not leave the children with Appellant unattended. The trial court further found that DCS received a second referral following Appellant's arrest in Texas in January 2010, when videos on Appellant's cell phone showed him sexually abusing one of the children. The court found that the children had been placed in Mother's custody, and that no new referrals had been made. After making several pages of findings concerning the abuse, the trial court found by clear and convincing evidence that the children were dependent and neglected under Tennessee Code Annotated §§ 37-1-102(b)(12)(F) and (G), and that they were the victims of severe child abuse pursuant to Tennessee Code Annotated § 37-1-102(b)(23)(C). The trial court further found, by clear and convincing evidence, that Appellant had

---

[3]In his motion, Appellant asserted that he "presumed" DCS referred to Tennessee Code Annotated § 37-1-102(b)(21)(C), and not § 37-1-102(b)(23)(C). We note that the definition of severe child abuse is contained in Tennessee Code Annotated § 37-1-102(b)(23)(C), as referenced by DCS.

committed severe child abuse as defined in Tennessee Code Annotated 37-1-102.

By ordered entered June 3, 2011, the trial court denied Appellant's motion to dismiss based on the unconstitutionality of Tennessee Code Annotated § 37-1-102(b)(23)(C). The trial court found that Appellant did not challenge the facial validity of the statute, but claimed that it violated his due process rights as applied in this case. The trial court concluded that, under this Court's holding in *In re R.C.P.*, 2004 WL 1567122 (Tenn. Ct. App. July 13, 2003), which was upheld in *In re H.L.F.*, 297 S.W.3d 223, 235-236 (Tenn. Ct. App. 2009), "[p]ersons act 'knowingly' when they have specific reason to know the relevant facts and circumstances but deliberately ignore them." The trial court stated that Appellant "confessed to Texas authorities that he engaged in oral sex with his five-year-old and seven-year-old daughters. He possesses a video recording of [his daughter] performing oral sex upon him. These acts are clearly intentional, and certainly 'knowing' under the discussion of 'knowing' and 'knowingly' in *In re R.C.P.*" The trial court concluded that Tennessee Code Annotated § 37-1-102(b)(23)(C) is fully constitutional. Appellant filed a notice of appeal to this Court on June 6, 2011.

### *Issues Presented*

Appellant presents the following issues for our review:

(1)     Whether Appellant was served with process.

(2)     Whether the severe abuse statute is unconstitutional.

### *Standard of Review*

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, however, with no presumption of correctness. *Tidwell v. Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006). Our review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *State v. Ingram*, 331 S.W.3d 746, 755 (Tenn. 2011).

### *Discussion*

We begin our discussion by noting that, in his brief to this Court, Appellant does not assert that he did not sexually abuse his daughters. Indeed, the record transmitted to this Court contains a rather detailed confession of Appellant's intentional acts. Rather, Appellant

argues that service of the petition filed in the juvenile court was insufficient, and that Tennessee Code Annotated § 37-1-102(b)(23)(C) is unconstitutionally vague as applied to him where "knowingly" is not defined. We turn first to Appellant's assertion of lack of service/insufficient service.

In his brief, Appellant asserts he at all times appeared "specially" and did not subject himself to the jurisdiction of the juvenile and circuit courts. He asserts that "[i]t is evident from the pleadings, exhibits admitted at Juvenile Court and at Circuit Court that Appellant was either not served with process or there was insufficient service of process." Appellant cites to the transcript of the proceedings before the circuit court to support his assertion that "[t]here was confirmation by counsel for the Department that Appellant did not receive the Petition or Summons."

DCS, on the other hand, asserts Appellant was served with the juvenile court petition and summons by certified mail, return receipt requested, at the transfer facility in Texas on June 7, 2010, and that the receipt was signed by a bailiff. DCS further argues that service was proper under Tennessee Code Annotated § 37-1-123(a), and that any alleged insufficiency was cured when DCS hired a private process server to personally serve Appellant in March 2011. DCS further asserts the juvenile court found that Appellant had been served on June 7, 2010.

In his reply brief, Appellant asserts that, under Tennessee Code Annotated § 41-21-301, service on Appellant in the transfer facility in Texas was insufficient where it was not in the presence of the warden or assistant warden. He further asserts that the lack of proper service in juvenile court could not be cured by personal service in the circuit court proceedings.

Upon review of the record, we note that, although counsel for Appellant filed all pleadings and papers "by special appearance," Appellant does not appear to have specifically pled insufficient service under Tennessee Code Annotated § 41-21-301 in the pleadings filed in the juvenile court. Appellant cites us to no such pleading, and upon review of the record, we find none. Without citing to the record, Appellant asserts he filed a "Notice of Affirmative Defenses" in the circuit court, and that the notice included the defense of lack of service of process or insufficient service of process. Appellant did not assert insufficiency of process in his April 2010 motion to dismiss in juvenile court. Additionally, upon review of the transcript, we observe that DCS did not "confirm" that Appellant did not receive the petition or summons in June 2009. Rather, the testimony of DCS's attorney was that Appellant was served by certified mail at a transfer facility in Abilene, Texas, and that the bailiff at the facility had signed the return receipt.

Assuming that Appellant did not waive the affirmative defense of insufficiency of process in the juvenile court, however, by failing to specifically assert insufficiency pursuant to Tennessee Code Annotated § 41-21-301, it is undisputed that DCS served Appellant by certified mail to the transfer facility in Texas, return receipt requested; that the receipt was returned signed by a bailiff; that Appellant had actual knowledge of the petition, an opportunity to defend against it, and was represented by appointed counsel. It is further undisputed that Appellant was personally served during the proceedings in circuit court.

Notwithstanding Appellant's argument to the contrary, a plethora of case law supports DCS's assertion that an alleged procedural insufficiency of service was cured when Appellant was personally served in the *de novo* proceedings in the circuit court. Clearly, proper service is essential, and a plaintiff must comply with the procedural rules with respect to service of process. *E.g., Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008). A defendant's actual knowledge of an attempted service, moreover, is not effectual service if not served in accordance with the rules. *Id.* We also have held, however, that a procedural deficiency in a dependency and neglect proceeding can be cured by a procedurally satisfactory termination proceeding. *E.g., Dep't of Children's Servs. v. Mims,* S.W.3d 435, 450 (Tenn. Ct. App. 2008); *Dep't of Children's Servs. v. Estes*, 284 S.W.3d 790, 802 (Tenn. Ct. App. 2008). Although, "[t]he termination of parental rights . . . is just as final as a death sentence," *Tennessee Department of Human Services v. Riley*, 689 S.W.2d 164, 173 (Tenn. Ct. App. 1984), a termination proceeding that results in the termination of parental rights will be upheld if the termination proceeding complied with all due process and procedural requisites, notwithstanding procedural deficiencies in the dependency and neglect proceeding. *Dep't of Children's Servs. v. Estes*, 284 S.W.3d at 802.

In this case, although Appellant participated "by special appearance," we find nothing in the juvenile court record to indicate that he specifically asserted insufficient service of process under Tennessee Code Annotated 41-21-201 in the juvenile court. DCS served Appellant with the juvenile court petition and summons by certified mail, return receipt requested; a signed receipt was returned; Appellant had actual knowledge of the proceedings; and Appellant was zealously represented by counsel throughout the proceedings in the juvenile and circuit courts. Moreover, the matter was heard *de novo* in circuit court, and there is no dispute that Appellant was personally served with DCS's petition and a summons on March 4, 2011, at the West Tennessee Detention Facility. Appellant's argument in this Court, as presented in his reply brief, is that service of process in the juvenile court matter was not procedurally sufficient where service was not received by the warden or assistant warden, but by the bailiff. In light of the totality of the circumstances, any alleged procedural insufficiency was remedied when the matter proceeded *de novo* in the circuit court in compliance with all procedural requisites.

We next turn to Appellant's assertion that Tennessee Code Annotated § 37-1-102(b)(23)(C) is unconstitutionally vague as applied to him where the term "knowingly" is not defined in the statute. The Tennessee Code provides:

> (23) "Severe child abuse" means:
>
> (A)(i) The knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause serious bodily injury or death and the knowing use of force on a child that is likely to cause serious bodily injury or death;
>
> (ii) "Serious bodily injury" shall have the same meaning given in § 39-15-402(d).
>
> (B) Specific brutality, abuse or neglect towards a child that in the opinion of qualified experts has caused or will reasonably be expected to produce severe psychosis, severe neurotic disorder, severe depression, severe developmental delay or intellectual disability, or severe impairment of the child's ability to function adequately in the child's environment, and the knowing failure to protect a child from such conduct;
>
> (C) The commission of any act towards the child prohibited by §§ 39-13-502--39-13-504, 39-13-522, 39-15-302, 39-15-402, and 39-17-1005 or the knowing failure to protect the child from the commission of any such act towards the child; or
>
> (D) Knowingly allowing a child to be present within a structure where the act of creating methamphetamine, as that substance is identified in § 39-17-408(d)(2), is occurring[.]

Tenn. Code Ann. § 37-1-102(b)(23)(Supp. 2011).

Subsection (C) provides that severe child abuse includes the commission of any acted prohibited by the referenced statutes *or* the knowing failure to protect a child from those acts. The second element, the knowing failure to protect the child, is not applicable to Appellant. Rather, DCS asserted in its petition that Appellant committed an act of abuse prohibited by the referenced Code sections. "Knowing" is not an element of the first part of the subsection. Accordingly, Appellant lacks standing to challenge the constitutionality of the statute as applied to him on the basis that "knowing" is undefined.

-7-

***Holding***

In light of the foregoing, the judgment of the trial court is affirmed.  Costs of this appeal are taxed to the Appellant.

_____
DAVID R. FARMER, JUDGE