# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2016 Session

## REGIONS BANK v. CHAS A. SANDFORD

**Appeal from the Chancery Court for Williamson County**
**No. 2014CV43474   Michael Binkley, Judge**

_____

**No. M2015-02215-COA-R3-CV – Filed November 16, 2016**

_____

This appeal arises from the trial court's entry of a default judgment in favor of the plaintiff. The plaintiff bank filed a complaint seeking a judgment against the defendant on a sworn account. After several attempts, the plaintiff was unable to obtain personal service of process on the defendant and attempted to obtain service of process by mail. The plaintiff's process server sent the summons by certified mail to the defendant's residential address, and the mailing was returned marked "unclaimed." The plaintiff filed proof of service, indicating that service had been properly completed pursuant to Tennessee Rule of Civil Procedure 4.04(11), and filed a motion for default judgment. A copy of the motion for default judgment was sent by mail to the defendant at the same residential address. The defendant filed a response "by special appearance" opposing the bank's motion for default judgment based on insufficiency of service of process. Following a hearing, the trial court entered a default judgment in favor of the plaintiff. The defendant appealed. On appeal, we conclude that the trial court entered a default judgment in violation of Tennessee Rule of Civil Procedure 4.04(10), which expressly provides, "Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant[.]" We therefore vacate the trial court's order entering a default judgment in favor of the plaintiff and remand this matter for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Larry L. Crain, Brentwood, Tennessee, for the appellant, Chas Alan Sandford.

Christopher W. Conner and John M. Jackson, III, Maryville, Tennessee, for the appellee, Regions Bank.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

This action commenced on August 22, 2014 when Regions Bank filed a complaint on a sworn account against Chas A. Sandford in the Williamson County Chancery Court. The complaint alleged that Mr. Sandford was indebted to Regions Bank in the sum of $153,274.13 as evidenced by a sworn account attached as an exhibit to the complaint. The complaint alleged that Mr. Sandford had not paid the balance of the debt owed despite demands for payment. On the same day the complaint was filed, the trial court clerk issued a summons for service on Mr. Sandford at his residential address on Guy Ferrell Road in Franklin, Tennessee. On October 20, 2014, counsel for Regions Bank returned the summons unserved with a notation indicating that the process server was unable to make contact with Mr. Sandford after 11 attempts.

The court clerk issued an alias summons on November 21, 2014. On April 23, 2015, Regions Bank returned the alias summons with a notation indicating that the process server received it on December 21, 2014 and attempted service of process by certified mail. The attached United States Postal Service return receipt reflected that the alias summons was sent by certified mail to Mr. Sandford at his residential address on December 22, 2014, and it was returned on March 5, 2015 stamped with the following notations: "Return to Sender," "Unclaimed," and "Unable to Forward." Along with the alias summons, Regions Bank filed an affidavit indicating that service had been properly completed pursuant to Tennessee Rule of Civil Procedure 4.04(11).

On May 18, 2015, Regions Bank filed a motion for default judgment. In the motion, Regions Bank indicated that Mr. Sandford was served with the alias summons and a copy of the complaint on March 4, 2015. Copies of the motion for default judgment and the corresponding notice of hearing were sent to Mr. Sandford's residential address. On September 14, 2015, Mr. Sandford filed a response "by special appearance only for purposes of contesting service of process in this case" in which he opposed the motion based on Regions Bank's failure to obtain personal service. The trial court conducted a hearing on Regions Bank's motion for default judgment on September 25, 2015. Mr. Sandford did not appear at the hearing, and the trial court granted the motion. On October 8, 2015, the trial court entered a written order granting a default judgment in favor of Regions Bank and against Mr. Sandford in the amount of $153,274.13. Thereafter, Mr. Sandford timely filed a notice of appeal to this Court.

## ISSUES

Mr. Sandford raises the following issues on appeal, restated from his appellate brief:

1.  Whether the trial court erred in entering a default judgment against Mr. Sandford based on service of process by certified mail returned with the notation "unclaimed."

2. Whether Regions Bank failed to effectuate valid service of process because the process server failed to serve Mr. Sandford with a copy of the summons within 90 days after its issuance as required by Tennessee Rule of Civil Procedure 4.03.

3. Whether Regions Bank failed to effectuate valid service of process because the process server failed to "promptly make proof of service to the court" as required by Tennessee Rule of Civil Procedure 4.03.

4.  Whether the entry of a default judgment against Mr. Sandford based on service of process by certified mail returned with the notation "unclaimed" violated Mr. Sandford's due process rights under the United States Constitution.

## STANDARD OF REVIEW

On appeal, we review a trial court's decision to enter a default judgment for an abuse of discretion. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. 2000). As such, the trial court's decision to enter a judgment by default will not be reversed unless it appears that the trial court abused its discretion in reaching the decision. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). A court abuses its discretion when it applies an incorrect legal standard or reaches a decision that is against logic or reasoning that causes an injustice to the complaining party. *First Cmty. Bank, N.A. v. First Tenn. Bank, N.A.*, 489 S.W.3d 369, 402 (Tenn. 2015).

## DISCUSSION

The issues Mr. Sandford advances on appeal challenge whether Regions Bank effectuated valid service of process sufficient to support the entry of a default judgment. Service of process is the method by which a court ensures that defendants have adequate notice of pending legal proceedings being brought against them. *See Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 530 (Tenn. 1983). It is an essential step

in the proceeding because it is also the procedural mechanism through which the court acquires personal jurisdiction over the defendant. *Haley v. Univ. of Tenn.-Knoxville*, 188 S.W.3d 518, 522 (Tenn. 2006). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008).

The initiation of a civil action in Tennessee is governed by the Tennessee Rules of Civil Procedure. *Id.* The rules provide that all civil actions are commenced by the filing of a complaint with the court clerk. Tenn. R. Civ. P. 3. After the complaint is filed, the court clerk is responsible for issuing a summons. Tenn. R. Civ. P. 4.01. A summons is basically a formal written notice to the defendant to appear and answer the plaintiff's complaint. *See* Tenn. R. Civ. P. 4.02. The court clerk must ensure that the summons and necessary copies of the complaint are delivered to a person authorized to serve process on the defendant. Tenn. R. Civ. P. 4.01. The process server is then responsible for serving the summons on the defendant in compliance with Tennessee Rule of Civil Procedure 4.04. *Id.* That rule sets forth the appropriate manner of serving process on various enumerated categories of defendants who may be subject to service of process in Tennessee. Tenn. R. Civ. P. 4.04(1)-(11). At the time of the events at issue, it provided for service of process by mail as follows:

> (10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. . . . Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. . . . *Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute.* If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.
>
> (11) When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified

letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

Tenn. R. Civ. P. 4.04(10)-(11) (emphasis added).[1]

As the foregoing reflects, Tennessee Rule of Civil Procedure 4.04(10) expressly states that a default judgment cannot be based on service of process by mail unless the record contains a return receipt showing personal acceptance by the defendant. The record before us only contains a return receipt marked "unclaimed." This Court has consistently held in similar cases that a return receipt marked "unclaimed" does not show personal acceptance by the defendant and therefore cannot serve as the basis for entry of a default judgment. *See, e.g.*, *In re Landon T.G.*, No. E2015-01281-COA-R3-PT, 2016 WL 890219, at *5 (Tenn. Ct. App. Mar. 9, 2016); *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006). Regions Bank acknowledges our past cases holding that Rule 4.04(10) precludes the entry of a default judgment based on certified mail returned "unclaimed," but contends that this case is distinguishable because Mr. Sandford, in submitting a filing in opposition to its motion for default judgment that "expressly acknowledged not only the proceeding but the particular motion," made a "general and unlimited appearance which effectively cured any defect that may have existed with service." This argument is without merit. As we stated previously, "actual notice of the lawsuit is not a substitute for service of process when the Rules of Civil Procedure so require." *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010). Moreover, the adoption of Tennessee Rule of Civil Procedure 12.02 has largely abolished the distinction between general and special appearances. *See* Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(a), at 5-107 (4th ed. 2015). Rule 12.02 provides that the defense of "insufficiency of service of process," among others, "shall be asserted in the responsive pleading," or "may at the option of the pleader be made by motion in writing." Tenn. R. Civ. P. 12.02(4), (5). Once a party properly raises the defense of insufficient service of process, any other participation in the lawsuit does not constitute a waiver. *Watson*, 316 S.W.3d at 599; *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 399 (Tenn. Ct. App. 2001). The record does not reveal any conduct by Mr. Sandford in the trial court that could constitute a waiver of the defense of insufficiency of service of process. Indeed, his only participation in the case prior to entry of the default judgment was his filing "by special appearance only for

---

[1]Effective July 1, 2016, the former last sentence of Rule 4.04(11) ("For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is 'unclaimed,' or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.") was deleted. As the 2016 Advisory Commission Comment that accompanies Rule 4.04 explains, "the Postal Service's notation that a registered or certified letter is 'unclaimed' is not sufficient, by itself, to prove that service was 'refused.'" Nevertheless, we apply Rule 4.04 as it was written at the time of the events at issue.

purposes of contesting service of process in this case." We therefore conclude that the trial court abused its discretion by entering a default judgment based on service of process by mail with a return receipt marked "unclaimed."

In light of our resolution of the foregoing issue, the remaining issues raised on appeal are pretermitted.

## CONCLUSION

For the reasons stated above, we vacate the trial court's entry of a default judgment in favor of Regions Bank and remand this case for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Regions Bank.

_____
ARNOLD B. GOLDIN, JUDGE