IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 28, 2017 Session

## KEVIN MILLEN v. RAQUEL HATTER ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001942-16     Donna M. Fields, Judge**

_____

## No. W2016-01975-COA-R3-CV

_____

A pro se plaintiff filed suit over the seizure of his bank account. The defendants all moved to dismiss under Tennessee Rule of Civil Procedure 12, and the trial court granted the motions. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Kevin Millen, Memphis, Tennessee, pro se appellant.

Herbert H. Slatery III, Attorney General and Reporter, and W. Derek Green, Assistant Attorney General, for the appellee, Raquel Hatter, Commissioner of the Tennessee Department of Human Services.

Bruce L. Feldbaum and Mark Cantora, Memphis, Tennessee for the appellees, Revid Property Management and Gus Property Manager.

Jeffrey W. Sheehan, Nashville, Tennessee for the appellees Bank of America, N.A. and Brian T. Moynihan.

**I.**

On May 10, 2016, in the Circuit Court for Shelby County, Tennessee, Kevin Millen filed his "Opening Complaint Asking for Injunctive Relief and Restitution for Kevin 'The King'[2] Millen." The pleading named "Juvenile Court Commissioner Raquel Hatter" and "Bank of America Brain [sic] T. Moynihan" as defendants. The pleading accused Commissioner Hatter of "direct[ing] an illegal order" and cited Tennessee Code Annotated § 36-5-901, which authorizes liens in aid of recovery of overdue child support. *See* Tenn. Code Ann. § 36-5-901 (2017). Mr. Millen requested that he be reimbursed a sum of money from the juvenile court and Bank of America and be awarded "$150,000.00 for pain and suffering plus the stress of losing my home." Despite the title of the pleading, no injunctive relief was requested.

The same day, Mr. Millen also filed a "Motion for Color of Law Against Raquel Hatter" and a "Motion to Show Fees & Also that Revid Did get some Money as well . . . ." From the complaint, the two motions, and attached documents, we glean that Mr. Millen's checking account at Bank of America was the subject of an administrative order for seizure of assets. The Tennessee Department of Human Services issued the administrative order, apparently to recover an alleged child support arrearage. *See id.* § 36-5-904(2) (2017) (permitting the department of human services to attach or seize assets of a child support obligor held in financial institutions). At the time, Raquel Hatter served as commissioner of the department of human services. Brian T. Moynihan was, and is now, the chief executive officer of Bank of America.

As might be expected, the seizure disrupted payments from Mr. Millen's account. One of those payments was intended for Revid Property Management, the property manager for Mr. Millen's residence. Bank of America also assessed fees against Mr. Millen's account, including a "Legal Order Fee" and a fee for the return of an item due to insufficient funds.

These developments likely caused Mr. Millen to file his "Motion for Breach of Contract – Essential Services." The style of this motion included two additional parties: Revid Property Management and "Gus Property Manager" ("Gus"). In the motion, Mr. Millen asked "the court to look into the great intimidation by the Revid Company for the reason [sic] of essential services." The motion also alleged that Revid Property

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

[2] Mr. Millen had been known as "The King" since childhood.

Management had "taken more money than they were supposed to and thought they would be able to steal some more of my hard earned money."

Mr. Millen made other filings, including motions for default and a motion for summary judgment. But pertinent to this appeal, the Commissioner of the Tennessee Department of Human Services; Bank of America, N.A. and Mr. Moynihan; and Revid Property Management and Gus each filed motions to dismiss under Tennessee Rule of Civil Procedure 12. The Commissioner moved to dismiss on the basis of lack of subject matter jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Revid Property Management and Gus moved to dismiss on the basis of insufficiency of service of process and failure to state a claim upon which relief can be granted.[3] Bank of America and Mr. Moynihan moved to dismiss only on the basis of failure to state a claim upon which relief can be granted.

Following a hearing, the trial court granted the motions to dismiss in two separate orders. In the first order, the court determined that it lacked subject matter jurisdiction over the Commissioner as a result of sovereign immunity. The court further determined that Bank of America and Mr. Moynihan had statutory immunity for acting in compliance with an administrative order of seizure. In the second order granting Revid Property Management's and Gus's motion to dismiss, the court did not specify the basis for the dismissal.

## II.

### A.

Mr. Millen appeals from the dismissal of his action.[4] We first consider his claims against the Commissioner and the question of subject matter jurisdiction. Subject matter jurisdiction refers to a court's "lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). A court's subject matter jurisdiction is derived — "either explicitly or by necessary implication" — from the state constitution or statute. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct.

---

[3] The motion of Revid Property Management also complained that the use of "'Gus Property Manager' d[id] not properly identify with the necessary specificity or identification a named party to be included as a party Defendant."

[4] Bank of America and Mr. Moynihan submit that Mr. Millen's appeal should be dismissed for failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure, which sets forth the requirements for appellate briefs. We agree that the brief does not meet the requirements of Rule 27. But given the basis for the dismissal by the trial court and the fact that our review must only extend to a limited technical record, we exercise our discretion to reach the merits of the appeal. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) ("[T]his Court, in the discretion afforded it under Tenn. R. App. P. 2, may waive the briefing requirements to adjudicate the issues on their merits.").

App. 2007). If subject matter jurisdiction is lacking, the court must dismiss the case. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

"The State of Tennessee, as a sovereign, is immune from suit except as it consents to be sued." *Hill v. Beeler*, 286 S.W.2d 868, 869 (Tenn. 1956) (citing TENN. CONST. art. I, § 17). In the context of sovereign immunity, the "State" includes "a state official in h[er] official capacity." *Cox v. State*, 399 S.W.2d 776, 778 (Tenn. 1965). Absent consent from the State,

> [n]o court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Tenn. Code Ann. § 20-13-102(a) (2009).

The court appropriately dismissed Mr. Millen's claims against the Commissioner based on a lack of subject matter jurisdiction. Mr. Millen has cited to no authority in which the State plainly, clearly, and unmistakably consents to suit based on the claims he has raised. *See Northland Ins. Co.*, 33 S.W.3d at 731. And we are aware of none. The Tennessee Claims Commission and its commissioners "ha[ve] exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of 'state employees,'" but that jurisdiction is limited to claims falling within specified categories defined by statute. Tenn. Code Ann. § 9-8-307(a)(1) (Supp. 2018). As Mr. Millen's claims fall outside those categories, "the state retains its immunity from suit." *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000).

## B.

The trial court granted Bank of America and Mr. Moynihan a dismissal under Tennessee Rule of Civil Procedure 12.02(6) based on Mr. Millen's failure to state a claim upon which relief can be granted. A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.*

We "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v.*

4

*Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination also presents a question of law, which we review de novo. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

Here, the trial court properly dismissed the claims against Bank of America and Mr. Moynihan based on failure to state a claim upon which relief can be granted. Mr. Millen's claims relate solely to his bank's compliance with the Tennessee Department of Human Services's administrative order for seizure of assets. By statute, "[a]ll persons or entities" are "absolutely immune from any liability, civil or criminal, for compliance with the terms of such order[s]." Tenn. Code Ann. § 36-5-905(g) (2017).

C.

We cannot determine from the trial court's order the basis for its dismissal of Revid Property Management and Gus. Unlike the earlier order granting the motions to dismiss filed by the Commissioner and Bank of America and Mr. Moynihan, the later order dismissing Revid Property Management and Gus did not incorporate the transcript from the hearing on the motions to dismiss. Instead, the later order provides, based upon the motions "and the entire record in this cause, . . . [t]he Motion to Dismiss filed by Gus Property Manager and Revid Property Management is granted." However, the motion asserted two grounds for dismissal: insufficiency of service of process and failure to state a claim upon which relief can be granted.

Although the order dismissing Revid Property Management and Gus is silent as to the ground relied upon by the court, the order "should be interpreted in light of the context in which it was entered, as well as the other parts of the record, including the pleadings, motions, issues before the court, and arguments of counsel." *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013). Given the content of the motion to dismiss filed by Revid Property Management and Gus, the trial court relied on one of two grounds.

We conclude that dismissal of the claims against Gus was appropriate for failure to state a claim upon which relief can be granted. The pleadings filed by Mr. Millen only reference Gus in their captions. Mr. Millen makes no factual allegations against Gus.

As for Revid Property Management, although unartfully stated, in our view, Mr. Millen did make out a claim for relief. But we conclude dismissal was appropriate based on insufficiency of service of process. Service of process must strictly comply with Rule 4 of the Tennessee Rules of Civil Procedure. *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010); *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008). As we

have previously stated, where the sufficiency of service is at issue, "[t]he record must establish that the plaintiff complied with the requisite procedural rules . . . ." *Watson*, 316 S.W.3d at 593. That is not the case here.

In the trial court, Mr. Millen filed no response to Revid Property Management's motion to dismiss, and he offered no argument or document showing that Revid Property Management (or Gus, for that matter) was properly served. The transcript included in the record indicates that Mr. Millen consented to the dismissal of Revid Property Management. When asked by the trial court if he was pursuing his claims against Revid Property Management, Mr. Millen responded with "[n]o, no, no. that's over with." On the record before us, the trial court properly dismissed Mr. Millen's claims against Revid Property Management.

## III.

For the foregoing reasons, we affirm the decision of the trial court to dismiss Mr. Millen's claims. We remand the case for further proceedings as may be necessary and consistent with this opinion.

        _____

        W. NEAL MCBRAYER, JUDGE